No. 2475.—LOUIS GAGNET *v.* THE CITY OF NEW ORLEANS.

The Supreme Court will not examine the question whether the act of 1858, authorizing the appointment of experts to determine the damages in certain cases, is in conflict with articles ten and seventy-three of the Constitution, which provide that the judicial power of the State shall be vested in certain courts and justices of the peace, if such objection be only urged in the answer, and the report of the experts is allowed to go before the court on the trial without objection. If the experts could not be judges on account of the sole judicial power being lodged elsewhere, still they might be witnesses, and their report, when received on the trial without objection, is entitled to consideration as evidence in the case.

APPEAL from the Fourth District Court, parish of Orleans. *Theard,* J. *John Livingston,* for plaintiff and appellee. *George S. Lacey,* city attorney, for defendant and appellant.

HOWE, J. The plaintiff, as lessee of the Carondelet Canal and Navigation Company, instituted this suit under the provisions of an

act of the Legislature, approved March 10, 1858, by which it was provided that, after the expiration of five years from the final passage of the act, the city corporation should be prohibited from draining into the Bayou St. John; and that, if the city should continue to drain into said bayou after the expiration of the term aforesaid, then only upon due indemnity being made for any injury which should be made to appear to result therefrom; said indemnity to be determined by three experts, to be appointed, one by the city corporation, one by the company and one by any of the district judges of New Orleans.

The plaintiff named his expert and prayed the court to name another,. which was done. He prayed that these experts, together with one to be selected by the city, might be ordered to report the damages done to him by the acts of the defendant in draining into the bayou from March 10, 1868, up to the time of their report, and for judgment therefor and for all such relief as the nature of his demand might require. `

The answer of the defendant was a general denial and a special averment that the act, No. 74 of 1858, under which suit was brought, was null and void, because in contravention of article sixty-one of the Constitution of 1852 and articles ten and seventy-three of the Constitution of 1868, which provide that the judicial power of the State shall be vested in certain courts and in justices of the peace. Without waiving this defence the defendant appointed an expert as requested by the petition.

The experts made a unanimous report, fixing the damages at $500 per month from February 1, 1869, to July 1, 1869, or, in all, $2500, and thenceforward at the same rate so long as the city should continue to use the bayou as a drain. Upon this report and the other evidence in the case the court a qua gave judgment in favor of plaintiff for $2500, and ordered the city to cease draining into the bayou on the first July, 1869, or in default to pay plaintiff the sum of $500 per month after July 1, 1869, so long as such draining should continue. The city appealed.

The report of the experts was received without objection. There is no bill of exceptions of any kind in the record. We do not perceive, therefore, the necessity of passing upon the question raised by the pleadings, whether the act of 1858, providing for the determination of damages by experts appointed in a certain way, is in conflict with those articles of our fundamental law which vest the judicial power solely in certain courts and justices. The experts could certainly be witnesses if they could not be judges, and their report, received without objection, has weight as testimony, even if it has no value as a quasi-judicial decision. It helps to maintain the judgment of the court, in which, save in one respect, we see no error.

Several interesting questions of the powers of the State over municipal corporations, of the servitude of drain, of vested rights and of navigable streams, have been raised by counsel for defendant in this court, but we do not feel authorized to pass on them in this record.

In one respect the judgment should be amended in favor of appellant, so as to limit the payment of indemnity to the term of the plaintiff's lease.

It is therefore ordered that the judgment appealed from be amended so as to limit the rights of plaintiff to a monthly payment of $500 to the term of his lease, which expires April 26, 1878; that, as thus amended, the judgment be affirmed, and that appellee pay costs of appeal.

Rehearing refused.