No. 14,138.

THE GLOBE LUMBER COMPANY, LIMITED, vs. B. T. GRIFFETH, SHERIFF, ET ALS.

SYLLABUS.

1.   Where a bond for suspensive appeal is filed after the delay fixed by Act No. 165 of 1898 it is a matter of no interest to the party applying for the appeal whether the act is unconstitutional or not, since in such case, the delay fixed by Article 117 of the Constitution, which article is self-operative, must have expired.

2.   Where an execution is enjoined on a sworn allegation that timber worth a certain amount has been seized and an order is made dissolving such injunc-

tion on a bond for a like amount, the injury which may result from such
dissolution sounds in dollars and cents is not irreparable, and no appeal lies.

APPEAL from the second judicial district, parish of Webster.—
Watkins, J.

*Stewart & Stewart,* for plaintiffs, Appellants.

*J. Henry Sheperd,* and *Lynn K. Watkins,* for defendants, appellees.

The opinion of the court was delivered by

MONROE, J.   The plaintiff alleges that the judge *a quo* has fixed the
regular term for his court in the parishes of Webster and Bossier, and
that the last term in the parish of Webster began June 3rd and ended
June 22nd, 1901; that during said term, a judgment was rendered
against it (plaintiff) from which it obtained orders of appeal, both
suspensive and devolutive, which were signed June 21st, and that on
June 26th, it filed a bond for suspensive appeal, and that the district
court was thereby divested of jurisdiction of said cause, and that all
proceedings therein should be stayed.   It further alleges that the clerk
of the district court, upon July 27th, nevertheless, issued a writ of
*fieri facias* in said cause, and that the sheriff has thereunder seized
certain timber belonging to the petitioner, worth $11,000, and will sell
the same unless restrained by injunction.   It further alleges that the
suspensive appeal was taken by it in due time and that the Act No.
163 of 1898 is unconstitutional, in that it seeks to regulate the right
of appeal and other matters not mentioned in the title, and that the
said writ of *fieri facias* was improvidently issued and is unauthorized
by law.   It further alleges that, after the appeal mentioned had been
taken, Chas. R. Bell, the plaintiff in the judgment appealed from, died,
and that Lillian Bell is seeking to have said judgment executed in her
favor, but that she is without right or authority so to do, and that the
*ex parte* proceedings whereby she seeks to be made party plaintiff are
illegal and unauthorized.   It further alleges that if the sheriff is
allowed to execute said writ, it will sustain irreparable injury and will
be devested of its property without hope of recovering same; and it
prays for an injunction, and for judgment, etc.   Upon this petition,
and upon the plaintiff's giving bond in the sum of $11,000, a prelim-
inary injunction issued, as prayed for.   Thereafter, Mrs. Lillian Bell,

appearing as widow of Chas. R. Bell and as natural tutrix of the minor children of the marriage, presented a petition to the district court alleging that, in the suit of said Chas. R. Bell against the Globe Lumber Company, Limited, judgment had been rendered for plaintiff and signed June 10, 1901, and that said judgment became executory ten days, not including Sunday, after it was signed; that the plaintiff, Chas. R. Bell, subsequently died, and that she, the petitioner, had been recognized as his widow and as the natural tutrix of his minor children, sent into possession of his estate, including said judgment, and made party to the suit by order of court.

She further sets forth the facts, of the seizure and of the injunction, and, alleging that no irreparable injury will result therefrom to the plaintiff in injunction, prays that said injunction be dissolved on her giving bond. To this application the plaintiff in injunction filed an answer, and, after hearing, the judge *a quo* ordered that the injunction be dissolved upon a bond of $11,000. And from this order, or inter-locutory judgment, the plaintiff in injunction was allowed a suspensive appeal, which the appellees now moves to dismiss, on the ground that no irreparable injury could result to the plaintiff from the dissolution of the injunction on bond and, hence, that no appeal lies.

If the plaintiff herein had obtained and perfected a suspensive appeal from the judgment rendered against it, within the delay allowed by law, the issuance of the writ of *fieri facias* would have been unauthorized, and its execution would have amounted to trespass, since the execution of a judgment when such execution is suspended by appeal is legally impossible. In the situation as thus stated, to dissolve, on bond, the injunction restraining the execution, would be to permit the plaintiff in injunction to commit trespass on giving bond, which is also legally impossible, and there can be no doubt that, in such a case, an appeal would lie. We take it, however (although the facts are not as fully set forth as they should have been), that the plaintiff herein failed to file its bond of appeal from the judgment which had been rendered against it until after the expiration of the delay for suspensive appeal as fixed by act 163 of 1898, and that it attacks the constitutionality of that act in order to bring the matter of the delay under the dominion of the pre-existing law. But the learned counsel have, apparently, overlooked the fact that the delay is also fixed by article 117 of the constitution. itself. which article is self-operative (State vs. Caldwell *et als.*, 50 Ann. 666); so that, whether the act of 1898 is consti-

tutional or not cannot affect the question. The other grounds upon which the plaintiff predicates its right of appeal from the order dissolving its injunction on bond are equally without merit. The injunction issued upon its sworn allegation that lumber, a mere article of merchandise, to the value of $11,000 had been seized under execution, and, after hearing, an order was made that the injunction so issued should be dissolved on a bond of $11,000, to be furnished by the defendant in the writ. This being the case, the bond, for its value, would have replaced the lumber, and the damage resulting from the wrongful seizure, if wrongful it was, could have been made good by resort thereto. Crescent City Live Stock Landing and Slaughter House Co. vs. Police Jury, 32 Ann. 1192; State ex rel. Oil Mills Co. vs. Judge et als., 50 Ann. 266. In the case last above cited, this court, in referring to the position of the district court in the matter of the issuance of the writ of injunction and its dissolution on bond, said: "The district court is necessarily called upon to decide, primarily, both upon the right of the defendants to have the injunction bonded, and that of the plaintiff in injunction, after the injunction should have been ordered to be dissolved, to be granted a suspensive appeal from such order. A refusal to grant the suspensive appeal would be the logical outcome of an order to bond, for the latter order would have necessarily been based upon conclusions irreconcilable with a right to the appeal asked."

For these reasons, it is ordered, adjudged, and decreed, that this appeal be dismissed at the cost of the appellant.

Rehearing refused.