(55 South. 778.)

No. 18,782.

BRITT et al. v. CALDWELL NORTON LUM-
BER CO., Limited, et al.

In re BRITT'S HEIRS.

(May 8, 1911.   Rehearing Denied June 29,
1911.)

*(Syllabus by the Court.)*

1. EXECUTION (§ 9*)—ISSUANCE—JUDGMENT—
SIGNATURE.
    Under article 117 of the Constitution and Act 163 of 1898 and Act 40 of 1904, the judges of the district courts throughout the state should sign the judgments rendered by them within three calendar days from the dates of their rendition, and may do so at any time within that delay; and such judgments become executory 10 days, not including Sundays, after being signed, unless their execution is suspend-

ed (1) by appeals allowed, and perfected within said delay, or (2) by the granting of new trials within said delay on motions filed within three calendar days after the rendition of the judgments.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 21–24;  Dec. Dig. § 9.*]

2. APPEAL AND ERROR (§ 170*)—REVIEW—OB-
JECTIONS NOT RAISED BELOW.
    The question of the constitutionality vel non of a statute will not be considered by this court when presented for the first time in a brief filed on behalf of a litigant who had ample opportunity to present it by pleading in the court of the first instance.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1035–1052;  Dec. Dig. § 170.*]

3. CONSTITUTIONAL LAW (§ 46*) — TIME FOR
FILING BOND.
    When a bond for suspensive appeal is filed after the delay fixed by Act No. 163 of 1898, it is a matter of no interest to the party applying for the appeal whether that act be unconstitutional or not, since in such case the delay fixed by article 117 of the Constitution, which is self-operative, must have expired.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45;  Dec. Dig. § 46.*]

Action by Martha Britt and others against the Caldwell Norton Lumber Company and others. Judgment for plaintiffs, and defendants appeal. Application of plaintiffs to have the order appealed from amended and restricted to devolutive appeal overruled. On denial of the same, plaintiffs apply for writ of certiorari. Judgment refusing plaintiffs' right to execute that judgment in the action annulled.

See, also, 126 La. 155, 52 South. 251.

Scarborough & Carver, for applicants. Smith & Dismukes, for defendant clerk, warrantors, and respondent judge.

Statement of the Case.

MONROE, J. It appears from the application, exhibits, and return in this case that on February 4, 1911, the district court for the parish of Natchitoches rendered and signed a judgment in favor of the widow and heirs of P. M. Britt and against the Boleyn Lumber Company, decreeing plaintiffs to be the owners, entitled to immediate possession,

of a certain tract of land, and condemning the defendant company in the sum of $935.68, with costs, also condemning D. G. Petty Lumber Company, Limited, as warrantor of defendant, for a like sum, save $7 of costs, which defendant was condemned to bear; that on the same day D. G. Petty Lumber Company, Limited, warrantor, moved the court to grant it a new trial; that on February 11th the motion for new trial was overruled, and the court thereupon made an order granting to "defendants" a suspensive and devolutive appeal to the Supreme Court, "suspensive appeal bond fixed according to law; devolutive, at $250"; that on February 26th D. G. Petty Lumber Company, Limited, filed an appeal bond (as for a suspensive and devolutive appeal) in the sum of $2,000; that thereafter plaintiffs ruled "the defendant and appellant" to show cause why a writ of fi. fa. should not issue, on the ground that the appeal bond had not been filed within 10 days from date of the signing of the judgment, and hence that the condition upon which the suspensive appeal had been granted had not been complied with; that, after hearing, there was judgment on said rule as follows:

"The application of the plaintiffs and appellees to have the order of appeal amended and restricted to a devolutive appeal is hereby denied, and the plaintiffs and appellees are hereby restrained and prohibited from having execution issued on the said judgment, for the reason that a suspensive appeal bond was filed in due time, within ten days from the date the motion for rehearing was refused."

Upon the case thus presented the judge of the district court was ordered to show cause in this court why the order so made by him should not be annulled and plaintiffs allowed to issue execution on their judgment, and he has answered to the effect that in his opinion the appeal bond filed within ten days from the date of the overruling of the motion for new trial was in time to secure to the appellant a suspensive appeal from said judgment.

## Opinion.

Article 117 of the Constitution reads:

"District courts shall hold continuous sessions during ten months of the year. In districts composed of more than one parish, the judge shall sit alternately in each, as the public business may require. Until otherwise provided by law, judgments shall be signed after three days from the rendition thereof, and become executory ten days from said signing."

It is "otherwise provided by law" to the following extent: Act 163 of 1898:

"Sec. 5. * * * That all judgments rendered by the district courts shall be signed within three (3) judicial days from the date of the rendition of such judgment; provided, that, within such delay, an application for a new trial may be filed and the granting of a new trial shall have the effect of setting aside the judgment signed within said three days; provided that judgment in confession may be signed at any time in open court.

"Sec. 6. * * * That all judgments of the district courts shall become executory ten (10) days, exclusive of Sundays, after being signed by the judge. Any person aggrieved by the judgment may suspend the execution thereof by obtaining an order of appeal and furnishing bond for a suspensive appeal, within the delay above mentioned, in such sum as the law requires or may be fixed by the judge. * * * *"

Section 7 contains the usual repealing clause.

Act No. 40 of 1904 amends the section 5 (above quoted) of the act of 1898 by striking out the word "judicial," thereby requiring judgments to be signed and applications for new trials filed within three calendar days from the rendition of the judgments.

There is nothing in these statutes to prevent a judge from signing a judgment on the day of its rendition, and nothing to prevent the filing of an application for new trial within three days from the rendition of the judgment, whether it be signed at the time of such filing or not. As to the right to stay the execution of a judgment by appeal, the act of 1898 is plain, unambiguous, and susceptable of no other construction than the language imports. In order to produce that effect (i. e., stay the execution), the party aggrieved must within 10 days, exclusive of

Sundays, from the signing of the judgment, obtain an order of appeal and furnish a bond in such sum as the law requires, or (in cases in which no specific amount is awarded) in such sum as may be fixed by the judge.

The statutes quoted make no provision with regard to devolutive appeals, and we find no reason to question the correctness of our ruling in the case of Durbridge v. State, 117 La. 842, 42 South. 337, wherein it is held that the delay within which a devolutive appeal may be taken begins to run from the "day when the court refuses a new trial."

The learned counsel who have appeared herein for the appellant and for the respondent judge say:

"We submit that there is but one conclusion to reach, and that is the appeal does not have to be asked for until the motion [for a new trial] is decided, and that the ten days for appealing, suspensively, runs from the day the motion is overruled. This is the only rational view to take of the case. A judge could, of his own motion, hold up a motion for new trial for over ten days from the rendition and signing of the judgment, and, under plaintiffs' view of the law, cut off a constitutional right of appeal."

We do not so understand it. The right of appeal (in a case such as this) is granted by article 85 of the Constitution, which confers upon this court appellate jurisdiction in "all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest." The exercise of the right thus granted is regulated by the provision of article 117, reading:

"Until otherwise provided by law, judgments shall * * * become executory ten days from * * * signing."

And by the provision of Act 163, of 1898, section 6, reading:

"All judgments rendered by the district courts shall become executory ten (10) days, exclusive of Sundays, after being signed by the judge. Any person aggrieved by the judgment may suspend the execution thereof by obtaining an order of appeal and furnishing bond for a suspensive appeal, within the delay above mentioned, in such sum as the law requires or may be fixed by the judge."

There is nothing in the regulations thus quoted or elsewhere in the Constitution or the law which can give to the failure of the judge to act upon a motion for new trial within 10 days from the signing of the judgment the effect of cutting off the right of the aggrieved litigant to appeal within that delay. Nor is there any thing in those regulations, or elsewhere in the Constitution or the law, which can give to such failure of the judge the effect of depriving the litigant in whose favor a judgment has been rendered of the right to have such judgment executed, "ten days, exclusive of Sundays, from * * * signing." If the judge within that delay grants a new trial, such action has the effect of setting aside the judgment which he has rendered, and there is nothing left to appeal from. If the judge fails to act upon the motion for new trial within that delay, the litigant who desires to exercise his right of appeal must do so and must obtain the necessary order and furnish the required bond; otherwise the judgment will become executory 10 days after it was signed, and the action of the judge thereafter on the motion for new trial can no more deprive it of that quality, or character, than could the granting of a devolutive appeal. The taking of the appeal pending the action of the judge on the motion for new trial would necessarily operate as an abandonment of the motion, since the effect of the granting of the appeal would be to devest the trial court of jurisdiction, and, being devested of jurisdiction, it would have no power to grant a new trial. As appears from the official publication, Act 163 of 1898 was introduced in the State Senate by Mr. Sims, who was at the same time a member of that body, a member of the convention which framed and adopted the present state Constitution, and a member of the bar of this

court, of long experience and high standing; and it would seriously reflect upon the intelligence of any one who would assert that he did not fully appreciate the difference between a law making judgments executory 10 days after being signed and a law making them executory 10 days after the refusal of the courts to grant new trials in the cases in which they were rendered. The fact or probability is that the matter of the holding up of judgments on application for new trials was the very thing that the lawmakers by the act of 1898 endeavored to provide against, just as, by other legislation, they have endeavored to provide against delay in the rendition of judgments originally, and by Act No. 40 of 1904 have endeavored to reduce the time allowed for the filing of motions for new trials by making the days constituting the delay allowed *calendar*, instead of *judicial*, days.

[2] The same learned counsel suggest in their brief that Act No. 163 of 1898 is unconstitutional, because, as they say, it embraces more than one object; but no such objection was raised in the district court, though there was ample opportunity afforded, and we must decline to consider it. [3] As we have heretofore had occasion to say, however:

"Where a bond for suspensive appeal is filed after the delay fixed by Act No. 163 of 1898, it is a matter of no interest to the party applying for the appeal whether the act is unconstitutional or not, since in such case the delay fixed by article 117 of the Constitution, which is self-operative, must have expired." Globe Lumber Co., Ltd., v. Griffeth, Sheriff, et al., 107 La. 621, 31 South. 1010; State v. Caldwell, 50 La. Ann. 666, 23 South. 869, 41 L. R. A. 718, 69 Am. St. Rep. 465.

[1] Our conclusion, then, is that, under article 117 of the Constitution and the Act No. 163 of 1898 and Act 40 of 1904, the judges of the district courts throughout the state should sign the judgments rendered by them within three calendar days from the dates of their rendition, and may do so at any time within that delay; that such judgments become ex-ecutory ten days, not including Sundays, after being signed, unless their execution be suspended (1) by an appeal, allowed, and perfected to the extent of the filing of the required bond, within that delay, or (2) by the granting of a new trial within that delay, and before an appeal has been taken, on a motion filed within three calendar days after the rendition of the judgment. And, as in this case there was neither an appeal taken nor a new trial granted within the delay thus mentioned, it follows that when the delay expired the judgment became executory and the plaintiffs should have been allowed to execute it. We find no merit in the objection to the form of proceeding (which objection has not been insisted on). To hold that plaintiffs' remedy was by appeal would be to give defendant the advantage of a delay to which it is not entitled. It is therefore ordered, adjudged, and decreed that the judgment of the district court refusing the plaintiffs (relators herein) the right to execute the judgment obtained by them against Boleyn Lumber Company, Limited, and prohibiting them from so doing, be set aside and annulled, and that said plaintiffs be allowed to proceed with the execution of said judgment. It is further decreed that said defendant Boleyn Lumber Company, Limited, and the appellant, D. G. Petty Lumber Company, Limited, pay the costs of this proceeding.