## McCLELLAND v. DISTRICT HOUSEHOLD OF RUTH, etc.

### No. 1244.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1933.

Chas. J. Mundy, of New Orleans, for appellant.

Frank B. Smith, of New Orleans, for appellee.

MOUTON, Judge.

This suit was brought by plaintiff against defendant association for $300 on an insurance policy.

A judgment by default was confirmed in favor of plaintiff against defendant on January 27, 1933, although an answer had been filed by defendant January 24, 1933, and in time to prevent this confirmation of default, but had been mislaid in a drawer by the deputy clerk of court.

A motion was filed by Frank B. Smith, attorney for defendant, to set aside this judgment by default, for a new trial, and to have the cause placed on the docket of the court and for a regular trial.

The district judge, by an order granted January 31, 1933, filed February, 1933, annulled that judgment, granted the new trial, and placed the case on the docket of the court for trial.

Act No. 163, 1898, required a motion for a new trial to be filed within three judicial days from the rendition of a judgment. This provision of the act was repealed by Act No. 40 of 1904, by substituting calendar for judicial days within which the motion has to be filed. Britt et al. v. Caldwell Norton Lumber Co., 129 La. 243, 55 So. 778. See Herold v. Jefferson et al., 172 La. 315, 134 So. 104, where the same ruling was applied under the provisions of Act No. 247, 1908, p. 368.

Counsel for defendant admits in his brief that his motion to set aside the judgment by default and for the new trial was filed January 31, 1933. It is therefore clear that three calendar days had expired from the rendition of the judgment when this motion was filed by defendant.

Plaintiff applied for the issuance of a rule on defendant to show cause why this order of the court, setting aside the judgment by default and granting the new trial, should not be annulled as having been improvidently granted.

An exception of no cause of action was filed by defendant to the rule thus granted which was referred to the merits; attorneys agreeing that the case be submitted on a statement of facts.

This statement of facts was prepared with full reservation of the rights of plaintiff to the judgment before rendered, meaning the judgment on confirmation of default against defendant association.

■ As three days had expired from the rendition of the judgment when the motion was filed by defendant for its annulment and for the new trial, the court had no power or authority to annul it nor to grant the new trial. In that respect the action of the court was an absolute nullity. The judgment rendered on confirmation of default could not thus be affected by the order of the court setting it aside and granting the new trial.

It follows from this finding that the proceedings on the statement of facts were equally null, as plaintiff, before preparing this statement, had made full reservation of his rights under his judgment.

■ The contention by defendant is that the answer of defendant to the demand of plaintiff on the policy had been marked filed January 24, 1933, the day the preliminary default was entered and three days before its confirmation, but had been mislaid, as before stated, which accounts, we presume, for the judgment in confirmation of the default. It is obvious that the judgment in confirmation of the default was an absolute nullity if it was rendered after the answer was filed. The court, however, was without power or authority to proceed in the way it did by ordering it set aside and by granting a new trial.

This nullity, if an appeal had been taken, would have been apparent on the face of the record, and the appellate court could have pronounced the nullity of the judgment under article 609 C. P. If the delay for an appeal had expired, the nullity could have been demanded under articles 604, 606, C. P.

The defendant mistook the legal remedy opened to it in such cases, and the court fell into an error in granting the relief sought.

■ The law certainly is that judgments rendered where there has been no citation or when confirmed where an answer has been filed are absolute nullities. When it is sought to enforce such a judgment, the defendant may have it declared a nullity without the necessity of a direct action to obtain its annulment.

■ A litigant may enter such a plea, but it must be in some proceeding where the court has the power or authority to consider it. For instance, in this case, if plaintiff had sought to enforce the judgment, defendant could have asked to have it declared a nullity, and the court would have been vested with the power or authority to act on such a defense. In this case, as before stated, the court had no power to act because the motion was filed after the three days had expired from its rendition. The fact is, it did not even have the power to entertain the motion for a new trial as it was filed too late. Let us suppose that the error on the confirmation of the default would have been discovered only after a year or more had elapsed from the date of the judgment. Could it be maintained with any show of logic that, upon such discovery and after the lapse of that period of time, the court could on the application of the litigant order a new trial? The court would, after the expiration of that period of time, have the same power that it would possess four days after the rendition of the judgment, which was the situation here.

In either instance, the court would lack power or authority to act in the premises. The order setting aside the judgment and granting the new trial was absolutely null and without effect; so were all the proceedings taken on the new trial granted by the court, under the reservation made by plaintiff to protect his rights under the judgment.

It is therefore ordered, adjudged, and decreed that the order setting aside the judgment obtained by plaintiff and ordering the new trial be and is hereby vacated and annulled; and it is further ordered and decreed that the judgment rendered April 24, 1933, after the granting of the new trial, dismissing plaintiff's demand, be, and is hereby, avoided, annulled, and reversed; and that the defendant pay all costs of these proceedings.