JANVIER, Judge.
The -City of New Orleans, acting through its Mayor and- its Commissioner of Public Buildings, seeks to enjoin the Criminal Sheriff of' the-Parish of Orleans and his Chief Deputy from interfering with the Police Department of the City of New *436 Orleans in' the operation of a. “Central Lockup” in Wing D of the building, situated in New Orleans, in the square bounded by Tulane Avenue, Broad, White and Gravi.er Streets, and known as' the Criminal Courts and Jail Building.
Defendants answering the petition for injunction, admit that the title to. -the building in question is in the City of New Orleans, and aver that Wing D of the building, which the City now claims is the “Central Lockup”, since its erection, for twenty-two years, .has been known and recognized as the House of Detention for the City of New Orleans.
Defendants further aver that Act No. 23 of the Second Extraordinary Session of the Legislature of Louisiana of 19S0. “clearly and unequivocally makes your respondent,. the Criminal Sheriff for the Parish of Orleans, the official keeper of the House of Detention * * *.”
Defendants further aver that after the passage of the said Act, Act. No. 23 of the Second Extraordinary Session of 1950, the City of New Orleans, in an effort to avoid the effect thereof, designated Wing D of the said jail building as a “Central Lockup” and, contending that that wing no longer constituted the House of Detention, refused to surrender it to the Criminal Sheriff in accordance with the requirements of the 'said statute.
Defendants deny most of the essential allegations of the petition for injunction filed by the City of New Orleans and, in re-convention, pray that a writ of mandamus issue “directed to the City of New Orleans, commanding the Mayor, the Commission Council and the Superintendent of Police to cease and desist in the operating of a ‘central lockup’ in Wing D of the Criminal Courts and jail building located in the First District in Square 602, bounded by Tulane, Broad, Whité and Gravier Streets, and that they be ordered to. turn over to the Criminal Sheriff for the Parish of Orleans the care, custody and control, maintenance ' and .management of all city prisoners confined by judgment of sentence of the Municipal Court -for the City of New Orleans, or prisoners incarcerated therein in lieu of bail bond while awaiting trial, and that they be ordered to surrender the full, complete and entire building and premises' hereinbefore described, together with the equipment and appurtenances thereon, and all books, records, objects and other property which is a part of the House of Detention or. City Jail, * *
Upon the termination of the trial but before judgment had been rendered the Court, on stipulation of counsel, permitted the case to be reopened in order that the City of New Orleans might be permitted to amend its petition 'by dictating into the record a plea “contesting the constitutionality of the statute”, Act No. 23 of the Second Extraordinary Session of 1950. Thereupon counsel for the City of New Orleans dictated into the record an amendment of the original petition of the City of New Orleans, which amendment reads as follows:
“I. Petition of the City of New Orleans through its Mayor, DeLesseps S. Morrison, and Victor H. Schiro, Commissioner, with leave of this Honorable Court, and by stipulation of both parties, does hereby file its amended and supplemental petition.
“II. Petitioner realleges all of the allegations contained in the original petition and particularly Article I through VIII inclusive, and in the 'alternative does hereby allege that Act 23 of the Second Extraordinary Session is unconstitutional for the following reasons, to-wit:
“1). That it violates Article 1, Section 2 of the State Constitution; Article 1, Section 2 being due process and just compensation clauses; in that it takes property away from the City of New Orleans, and in effect transfers it to a parish institution without just compensation and without following provisions of the articles concerning the expropriation of property for public use. ' :
“2). a. It violates Article 3, Section 16 of the. State Constitution. concerning acts being confined to one subject; in that the subject of Act 23 of the Second Extraordinary Session of 1950 does not refer by number to Section 702 of Title 15 referring *437 to the governing authority of the jails, and consequently embraces more- than one object -without- having a title indicative of such object, or a number referring to the section o-f the revised statute that it intends to amend.
“b. That, in effect, Act 23 of the Second Extraordinary Session of 1950 would amend Act 351 of 1948 as it is referred to and reported in Title 33 of the revised statutes, in that it does not contain a title in•dicative of having amended this particular object or subject.
“3). That it violates Article 3, Section 17, of the State Constitution, in that it attempts to- amend Act 351 of 1948 as restated in the Title 33 of the Revised Code, .and also attempts to- amend Section 702 of Title 15 of the Revised Code without specifically referring to Section 702, Title 15 of the Revised Code, or referring to Act 351 of 1948 as reported in revised statutes Title 33.
“4). That it is unconstitutional, in that it violates Article 4, Section 5, of the State •Constitution, which section refers to the repealing acts of local and special laws, in that Act 23 of the Second Extraordinary Session of 1950 attempts to amend and reenact Section 702 of Title 15 of the revised ■statutes, which is a general law, which is •contrary to the provisions of Article 4, Section 5, which says that no local or .-special law may be passed to amend a gen-eral law, and that Section 702 of Title 15, ■of the revised statutes refers to the governing -authorities of all of the parishes, which is general in nature. And,
“5). That it violates the Fourteenth Amendment, Paragraph 1, of the United States Constitution, in that it attempts to take away-from the City of i New Orleans property without due process of law and without following the expropriation proceedings set up for the taking of property.”
The District Court refused to grant the injunction prayed for by the-City of New Orleans, and dismissed the suit of- the City and rendered judgment of-mandamus in favor of defendants as prayed for. The City of New Orleans has appealed.
•When the matter was called for hearing "in this Court, counsel for the City, of New Orleans filed a further plea attacking the constitutionality of the statute relied upon ■by defendants, Act No. 23 of the Second Extraordinary Session of 1950, and on a ground which had not been urged in the court a qua. That plea reads -as follows:
“Now come the City of New Orleans, deLesseps S. Morrison, Mayor of the City of New Orleans, and Victor H. Schiro, Commissioner of Public Parks and Buildings of the City of New Orleans, and especially plead that Act 23 of the Second Extra Session of 1950 is unconstitutional, null and void for the following, among other reasons, to-wit:
“ ‘Section 20 [22] of Article XIV of the Constitution as amended by Act 551 of 1950, which was ratified by the voters of the State of Louisiana -at the election of November 7, 1950, reads in part as follows:
“ ‘ “The Legislature is hereby prohibited subsequent to the Regular Session of 1950, from amending, modifying or repealing the herein established or future home rule charters of the City of New Orleans other than by general law which uniformly applies, both in terms and in effect, to all cities of the State.” ’ ”
.“Now, appears show that Act 23 of the Second .Extra Session was passed subsequent to- the Regular Session of 1950, and that said Act 23 is not a.general law applying to all cities in Louisiana in terms and effect.
“Appearers further show that if Act 23 of the Second Extra Session of 1950 is given the .effect which defendant Grosch ■ contends should be given to it and which was the interpretation placed on said Act by the Ciyil District Court -for the Parish of ,Orleans, then the Act amends, modifies, or repeals Section 8, Paragraph 15 of the ■ City Charter, which is Act 159 of 1912, as amended, and which section reads as follows :
“ ‘Section 8. The Commission Council shall also- have power: * * * (15) To establish jails, houses of refuge, reformation and correction and to make regulations for their government; * * * ’ ”
*438 “Appearers further show that although they attack the constitutionality of Act 23 of the Second Extra Session of 1930 in their proceedings in the District Court, they did not specifically raise the question of constitutionality herein raised, because at the time that this case was in the District Court, the constitutional amendment proposed in Act 551 of 1950 had not been ratified by the electors of the State of Louisiana. Appearers now show that although the official results of the election have not as yet been promulgated, the unofficial results as published in the daily newspapers show that the. amendment to the Constitution was ■ ratified, and that - said' amendment is now the law of Louisiana.-
“Wherefore, appearers pray that this plea of unconstitutionality, together with the other pleas of unconstitutionality hereinafter raised, be considered by the Court, and that in the event Act 23 of the Second Extra Session of 1950 be given the interpretation urged by defendant -Grosch, in that said act be declared unconstitutional, null and void for the reasons urged by ap-pearers.”
Counsel, in filing the said plea on November 13, 1950, which was the day on which the case was called for argument before this Court, contended that although the said constitutional amendment had not then been promulgated, nevertheless the result of the election of November 7, 1950, as published in ,the newspapers, was well known and that we should treat the said amendment as haying been adopted and as entirely effective, and that since that amendment was passed by the Legislature before the enactment of the statute relied upori by defendants, the amendment had the effect of rendering the statute unconstitutional, since that statute, if effective, would nullify or repeal Section 8 of Paragraph (15) of the charter of the City of New Orleans, Act No. 159 of 1912, as amended. That section reads as follows:
“Section 8. The Commission Council shall also have power:
■ * * * * * *
■“(15) To establish jails, houses of refuge, reformation and correction and to make regulations for their government; to construct, maintain ánd operate belt railroads and other public utilities; and to exercise general police power in the City of New Orleans.”
The contention of the City on this point is that the constitutional amendment, when promulgated -as a result of the vote of the people of the State, prevents the Legislature, from and after the time at which that constitutional amendment was passed by the Legislature, from in any way amending, modifying or repealing any of the provisions of the charter of the City of New Orleans. The particular portion of the constitutional amendment on which the City relies reads as follows: “The Legislature is hereby prohibited, subsequent to the Regular Session of 1950, from amending, modifying or repealing the' herein established or future home rule charters of the City of New Orleans other than by general law which uniformly applies, both in terms and in effect, to all cities of the State.”
It will be noted that in the above quoted provision of the newly adopted home rule amendment reference is made to the “herein established” home rule charter of the City of New Orleans. The “herein established” home rule charter is Act No. 159 of 1912, as amended. This is made evident by a reading of Article XIV, Section 22, of the Constitution, as -amended, from which we quote the following: “Subject to the limitations elsewhere contained in this Constitution, the City of New Orleans is hereby declared to have a home rule charter consisting of Act 159 of 1912 as amended through the Regular Legislative Session of 1950, which said home rule charter may be amended or replaced only as hereinafter provided. * * * ”
When that plea was filed in this Court we were confronted by the fact that, though -it was well known to all persons, including the members of this ‘Court, that the constitutional amendment had been •adopted by the vote of the people, we could not take judicial notice of that fact because the result of the election of November 7 had not yet been promulgated.
While it is true, however) that judges may not take judicial notice of such a situ *439 ation, judges are nevertheless permitted unofficially to know what everyone else knows, and therefore we knew that, in due course and before any decree which might be rendered could become final, we would receive notice of the official promulgation of the result of the election of November 7. Therefore if, prior to the receipt of that notice, we should have announced that we could not consider the plea because the amendment had not yet become fully effective, an application .for rehearing would have been made, and pending a decision on that application, we would have received official notice of the promulgation. That has now occurred. There has been filed with us a certificate of the Secretary of State, advising that "the Governor signed the proclamation declaring this proposition to have passed on Saturday, November 18, 1950.” Therefore, we judges now have the right to know, what everyone else has known since November 8; that the so-called Home Rule Amendment has been written into our constitution.
We, therefore, pass on to a consideration of the effect of that amendment on this litigation but first to the question of whether we have the right to consider that question at all.
It is contended that since this particular question was not considered below, it may not be considered by us. No one may successfully contend that ordinarily a question of the constitutionality of a statute may be considered when raised for the first time in an appellate court. Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739; Ricks v. Crowell & Spencer Lumber Co., La.App., 189 So. 466; Southern Amusement Co. v. City of Jennings, 180 La. 800, 157 So. 720; Succession of Fachan, 179 La. 333, 154 So. 15; Godchaux Sugars, Inc., v. Leon Boudreaux & Bros., 153 La. 685, 96 So. 532; Saint v. Martel, 127 La. 73, 74, 53 So. 432; State ex rel. People’s Fire Insurance Co. v. Michel, 125 La. 55, 51 So. 66.
In State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219, the Supreme Court said that this is “elementary”.
But it must be remembered that if the statute upon which the. defendants rely is violative of the Constitution, then the defendants .were entirely without a defense to the injunction suit and without a cause of action for their reconventional demand for mandamus.
: While it is .true . that in the plea filed with us, in which the City of New Orleans challenges the constitutionality of Act No. 23 of the Second Extraordinary Session of 1950, there is no specific exception of no cause o,f action or no right of action, still it cannot be disputed that the upholding of that plea would effect a complete destruction of all rights claimed by the defendants, since they concede that their only rights arise out of Act No.’ 23 of the Second Extraordinary Session of 1950, upon which they rely.
We therefore, conclude that the plea of unconstitutionality amounts to a charge that the defendants are completely without a right of action or a cause of action. And if this is true, it is so not because of any failure to make any necessary allegation; it is so because, with all the facts and all the laws before the Court, the law itself puts the defendants out of court.
We do not wish to be understood as saying, at this time, that that is the result. All that we have said is, that if the statute is unconstitutional, then the defendants are without a defense to the main demand and without a oause of action for their re-conventional demand. 'We,'therefore, think that the plea is such a one as may be filed at any stage of a litigated matter, even on appeal, and, in fact, even on application for rehearing in the appellate court. Veasey v. Peters, 142 La. 1012, 77 So. 948; Brown v. Saul, 4 Mart, N.S., 434.
However, even if it is clear:that such a plea may be filed here, the question of our right to consider it is challenged and, by this challenge,, there, is presented a further interesting question of law. •
We first revert back to the well established rule that a plea of unconstitutionality not made in the nisi prius court may not be considered on .appeal. If not, what *440 should be done with such a plea? Surely it cannot be said that 'it may be filed in this Court and yet it cannot be considered at all because it was not considered below. If, then, it may be filed here and cannot be considered by us, it seems that the only possible result is that it should be remanded in order that it may first be considered in the District Court.
Initially we had very grave doubt as to whether we have the right to remand a case in such a situation. We notice the language of the many decisions which hold, as we have already shown, that a constitutional question may not .be raised for the first time in the appellate court. But we also notice that, in many of the cases in which that was held, there was a suggestion that such a question might be raised in the appellate court if there had been no opportunity to raise it in the District Court. For instance, in Saint v. Martel, 127 La. 73, 53 So. 432, 436, the Supreme Court said: “ * * * Defendant had the opportunity to raise the question in the district court, and, having failed to do so, cannot be heard to raise it here. Murphy v. Police Jury, 118 La. 401, 42 So. 979; Miller v. Thorpe, 4 Colo.App. 559, 36 P. 891; Curtwright v. Crow, 44 Mo.App. 563; Tompkins v. Augusta & K. R. Co., 21 S.C. 420; Chiniquy v. People, 78 Ill. 570; Hopper v. Chicago, M. & St. P. R. Co., 91 Iowa 639, 60 N.W. 487; Delaney v. Brett, 51 N.Y. 78; Elliott v. Oliver, 22 Or. 44, 29 P. 1; Bomar v. Asheville & S. R. Co., 30 S.C. 450, 9 S.E. 512; Gagnet v. City, 23 La.Ann. 207.”
Again, in the syllabus written -by the Court itself in Britt v. Caldwell Norton Lumber Co., Ltd., 129 La. 243, 55 So. 778, 779, appears the following: “The question of the constitutionality ve'l non of a statute will not be considered by this court when presented for the first time in a brief filed on behalf of a litigant who had ample opportunity to present it by pleading in the court of the first instance.” See, also, Milton v. Lincoln Parish School Board, 152 La. 761, 94 So. 386.
While, in the District Court, there were several pleas of unconstitutionality, the particular plea, which is made in this Court, could not have been made because, at that time, the election had not been held and no one knew whether the constitutional amendment would be adopted by the people. A similar situation was presented to the Supreme Court in Louisiana Navigation and Fisheries Co. v. Doullut, 114 La. 906, 38 So. 613, 616. In that case, after the rendition of the judgment in the court below, a statute was passed which it was contended should be considered in the case which was pending on appeal and the constitutionality of the statute was attacked in the Supreme Court. The Supreme Court held that "the constitutionality should be considered, and that inasmuch as there had been no opportunity to make the plea of unconstitutionality in the court below, the case should be remanded to the District Court in order that that plea might be considered. The Court said:
“This act was passed after the rendition of judgment in the court below, and consequently it was not pleaded by plaintiff in aid of its incorporation, and defendants had no opportunity of assailing the act on the ground of its unconstitutionality".
“Under the circumstances we deem it best to remand the case for further proceedings, in order that all questions relative to the legal effect and constitutionality of said confirmatory act may be raised and determined in accordance with the rules of practice.”
The right to remand in such a situation seems to be established by Article 906 of our Code of Practice which provides that an appellate court may remand a case whenever, in its discretion, it deems that the ends of justice require a remand. McClung v. Delta Shipbuilding Co., La.App., 33 So.2d 438.
We are well aware of the fact that rarely indeed do our appellate courts remand a. case where questions of law are presented. We know, of course, that in practically all of the multitudinous cases in which a remand has been ordered, the remand was for the purpose of permitting the introduction, of newly discovered evidence.
An examination of the article “Procedure-Remanding on Rehearing-Introductiom *441 of Newly Discovered Evidence,” 19 T.L.R. 305, discloses that in each of the cases mentioned therein, the remand was ordered to permit the introduction of new evidence. We note also that where there is in the record sufficient evidence to sustain the judgment which was rendered, a remand should not be ordered. This was held in an opinion written by Mr. Justice Moise in Bayou Rapides Lbr. Co. v. Campbell, 215 La. 849, 41 So.2d 781; and also in an opinion written by Chief Justice Fournet, then Associate Justice, in Fogleman v. Interurban Transp. Co., 192 La. 115, 187 So. 73.
The reason for the paucity of cases in which the remand was ordered in order that a change in the law, or a newly enacted statute, or a newly adopted constitutional amendment might be considered, is that seldom indeed does such a -situation a-rise.
It is true that a situation slightly similar to this was presented in State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502, 504, in which the Supreme Court -refused to order a remand in order that there might be considered in the District Court an ordinance which had been adopted by the city after the decision of the case in that court. The Supreme Court said: * * * There is no good reason why a case of this kind should be remanded or reopened whenever the municipality adopts another ordinance in defense of the suit.”
If there is any resemblance between that situation and the one which confronts us, the resemblance is so slight as not to be recognizable, for there the municipal ordinance was adopted after the decision in an effort by the city to avoid the effect of the decision, whereas here the constitutional amendment was adopted by the -Legislature before the statute under attack was enacted.
We see no reason why the discretion granted to an appellate court by Code of Practice Article 906 to remand wherever the ends of justice seem to require.it, should not authorize a remand on a,new question of law, as well as on a new question of fact. That article very plainly authorizes a remand notpnly where the parties have failed to adduce the necessary evidence, or where the inferior court has refused to receive it, but .it also uses the words “or otherwise,” plainly indicating, we think, that a cause may be remanded for any other reason which an appellate court may deem sufficient.
The only difference that-we can see between the remand of a case on a question of fact and the remand on a question of law is that ordinarily a new question of law may be. considered in the appellate court.
However, where the question of law which is presented involves the constitutionality ve'l non of a statute, there is presented a question which, under the numerous authorities cited, may not be considered on appeal where it was not presented in the court below. But we think also that under the authorities cited, where there was no opportunity to present such a question in the court below, it should be remanded in order that it might be considered and that then there might be an appeal to the proper court after the constitutionality of the statute has been passed upon in the court below.
Another reason which leads us to the belief that the matter should be reminded is that -the jurisdiction of this Court will depend upon the decision rendered in the court below on the plea of unconstitutionality. Where it is contended that a statute of the State is unconstitutional, this Court has jurisdiction of the appeal only where the constitutionality is upheld. Constitution, Art. VII, secs. 10, 29; Batts v. Marthaville Mercantile Co., 193 La. 1072, 192 So. 721; In re Bryant, La.App., 29 So.2d 252 and cases cited therein; Pinder v. Board of Supervisors of Election of Calcasieu Parish, La.App., 146 So. 715.
It is, therefore, necessary that the lower court determine such an issue in order that the jurisdiction of this court, or its lack of jurisdiction, may also be determined.
In reaching the conclusion ■ that the plea may be filed here and that the matter may be remanded in order that the plea may be *442 considered in the lower court, and in basing this conclusion on our view that the plea of unconstitutionally is tantamount to an exception of no cause of action, we have not overlooked the case of Causey v. Opelousas-St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739. But we think that that case may be distinguished on the ground that there the constitutionality of the statute could have been attacked in the lower court. The plea of unconstitutionality was raised only on appeal.
Our conclusion is that the matter should be remanded to the District Court for further proceedings.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that this matter be remanded to the Civil District Court for. the Parish of Orleans for further proceedings consistent with the views 'herein expressed and according'to law. ,
Reversed and remanded.