## Madison C. Johnson *v.* Walter Brashear.

One acting as an agent, may sue in his own name for the recovery of the amount of a draft drawn by himself, and accepted by the debtor of his principals.

Appeal from the District Court of St. Mary, *Boyce,* J.

Simon, J. The plaintiff seeks to recover the amount of a draft, or bill of exchange, dated 17th of February, 1841, drawn by him to his own order, at Lexington, upon the defendant, for the sum of $5319, and accepted by the latter.

The defence is, that no consideration was ever received for the draft; and interrogatories having been propounded by the defendant to the plaintiff for the purpose of showing the alleged want of consideration, they were answered in substance as follows : 1st.

That the consideration of the bill sued on was a debt due to the heirs of Robert R. Barr, deceased, by the defendant, who had purchased the interests of the wives of Benjamin and Elisha Warfield, in the estate of the deceased, the said wives being heirs or devisees of said Robert R. Barr. That as a part consideration thereof, the defendant had agreed to pay the debts of the deceased in Kentucky, and respondent was requested by defendant to ascertain the amount of said debts, and to draw on him for the amount thereof. That respondent, at the request of the defendant and Warfield, consented to act in the matter, and ascertained the debts to amount to $5319, and made his draft on defendant accordingly. That the transaction was communicated by respondent to the creditors of the deceased, and the bill remaining unpaid, he was ordered and directed by said creditors to have suit brought thereon. 2d. That he is owner of a small claim against the estate of Barr, amounting to $37 33.

On the trial of this suit below, the defendant introduced in evidence, a letter signed by one Thomas B. Warfield, calling himself the agent and attorney in fact of the heirs of Barr, dated New Orleans, 1st of March, 1842, purporting to be a new arrangement or agreement in relation to the payment of the debts of Barr's estate ; and to an extension of time to pay the same ; which new arrangement appears to have been accepted by the defendant, under his signature at the foot of the agreement. The draft sued on is not in any way mentioned or alluded to in the letter containing the propositions, or agreement ; and appears to be unknown to the self styled agent of the heirs. No evidence has been adduced to show that Thomas B. Warfield was the agent of Barr's heirs.

On this evidence, the Judge, a quo, rendered judgment in favor of the defendant as in case of nonsuit, and the plaintiff has appealed.

We think the inferior Judge erred. The bill sued on is in the hands of the plaintiff for the benefit of Barr's creditors, who ordered this suit to be brought thereon ; and it is clear, that the heirs of Barr have no further interest in the matter. The draft, though in the name of the plaintiff, belongs to the creditors ; but he may well maintain this action in his own name for the re-

covery of the amount due thereon to the creditors, for whose benefit the acceptance was obtained.   4 Mart. N. S. 481.   2 La. 264.   The plaintiff acted originally as their *negotiorum gestor*; his act was approved by them subsequently ; and by drawing the bill and obtaining the acceptance, he became responsible to the creditors for its amount.   In our opinion, he has a right to sue for its recovery.   5 Mart. 201.   *Garland* v. *Lockett*, 5 Ib. N. S. 40.   4 Ib. N. S. 107.

It is therefore ordered, that the judgment of the District Court be annulled and reversed ; and that ours be in favor of the plaintiff, as prayed for in his petition, with costs in both courts.

*Maskell* and *Lewis*, for the appellant.

*Dwight*, for the defendant.