## G. W. HELME, Receiver, *v.* JOSEPH LITTLEJOHN.

What the parties might do by a power of attorney, the court may, when their interests require and the parties are properly before the court, order to be done.

A receiver may be appointed by the court, notwithstanding the death of one partner and the appointment of an executor to administer his estate.

The decree of the court appointing the receiver to collect the partnership assets is itself sufficient authority to h'm to institute a suit against a debtor of the partnership. The transcript of the proceedings in the suit in which he received his appointment need not be produced.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Clarke & Bayne*, for plaintiff and appellant. *Benjamin, Bradford & Finney*, for defendant.

MERRICK, C. J. This suit is brought by the plaintiff in his capacity of receiver of the late firm of *Joseph H. Palmer & Co.* against the defendant. The defendant excepted to the capacity of the plaintiff to stand in judgment, on the ground that *Joseph H. Palmer*, one of the firm, is dead and represented by an executor, and that, under such circumstances, the court was without power to appoint a receiver. On the trial of the case to prove his capacity, the only evidence offered by the plaintiff was a certificate entitled, "Second District Court of New Orleans, No. 8283," wherein it was certified that, "On the 24th day of May, 1856, judgment was entered in the court in the matter of the *Succession of J. H. Palmer & Co.*, in the words and figures following," viz : "In this case submitted to the court for adjudication, the evidence, the pleadings, and the law considered, it is ordered, adjudged and decreed, that *George W. Helme* be. appointed receiver to collect the partnership assets of *J. H. Palmer & Co.*, to settle and liquidate the partnership affairs, upon giving bond in the sum of twenty thousand dollars, until the debts are paid." 29th May, 1856.

[Signed]                    "P. H. MORGAN, Judge."

It is objected that this certificate does not show that the Judge had proper parties before him in order to appoint a receiver ; that the plaintiff should have produced the whole of the record to show, not only that the *Succession of J. H. Palmer* was represented, but that the surviving partner was also a party to the proceeding."

There is force in the objection under the ordinary rules of evidence. But we think that to require the receiver to produce in every suit he may be required to bring a transcript of all of the proceedings in the suit in which he has received his appointment would, in a great measure, deprive the parties of the benefit of his appointment, and unnecessarily increase the cost of every suit brought by the receiver. We think that the certified copy of the entry alone making the appointment ought to be deemed *prima facie* proof that the court had the proper parties before it when the appointment was made, leaving the opposite party to rebut the presumption.

The receiver is but the agent of the parties, having the legal right to sue. The executor of *Joseph H. Palmer*, deceased, and *James H. Massey* might have united in a power of attorney and appointed *Helme* their agent to institute the suit on their behalf in his own name. *Eggleston* v. *Colfax*, 4 N. S., 481 ; 5 N. S., 40 ; 4 Rob., 521 ; 5 Rob., 478.

What the parties might do by a power of attorney, the court may, when their interests require and the parties are properly before the court, order to be done. Such decree unappealed from acting upon the parties before the court, cannot have less binding force than the voluntary act of the parties themselves. The court exerts a similar power in the appointment of a curator of an absentee. C. C. 50. The court then had power to appoint a receiver notwithstanding the death of *J. H. Palmer*, and the appointment of an executor, and such decree was a sufficient authority to the receiver to institute this action, and the judgment in favor of the receiver will be a sufficient protection to the defendant. 4 Rob. 521 ; 2 An. 90.

On the merits, no argument has been urged why judgment should not be rendered in favor of the plaintiff, who appears to have made out his case.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the said *George W. Helme*, in his said capacity of receiver, do have and recover judgment against the defendant, *Joseph Littlejohn*, for the sum of five hundred and ninety-three dollars and forty cents, with five per cent. interest thereon per annun from the 25th day of February, 1856, until paid, and that the defendant pay the costs in both courts.