## No. 5147.

### STATE OF LOUISIANA v. WIDOW J. C DE ST. ROMES.

| 26 | 753 |
|----|-----|
| 50 | 1363 |
| 26 | 753 |
| 108 | 152 |
| 26 | 753 |
| 109 | 567 |
| 26 | 753 |
| 125 | 60 |

Authority to correct the errors of assessment complained of in this case is solely confided to the State Board of Assessors in the city of New Orleans and to the Auditor. It was therefore useless for the court *a qua* to hear testimony upon a point on which it was without authority to decide, to wit: the errors of the assessment, and the testimony offered was properly rejected. Besides, it was not alleged in the answer that the defendant sought to correct the errors complained of by making application to the State Board of Assessors according to law.

The constitutionality of that provision, making the decision of said board of assessors final as to "the valuations in the assessment rolls," was not raised in this case. The constitutionality of a law will not be considered where an issue to that effect has not been raised.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. A. P. Field,* Attorney General, for plaintiff and appellee. *Fellows & Mills, Victor de St. Romes, L. E. Simonds,* for defendant and appellant.

WYLY, J. The defendant resists the collection of State taxes on her property for the year 1871 on several grounds. The constitutional objections have all been decided adversely to her in the recent decisions of this court, and the discussion thereof will not be reopened. She also contends that the assessment of her property is erroneous, both in regard to the description and the valuation thereof; and she took a bill of exceptions to the ruling of the court in refusing to receive testimony going to show that she had in due time opposed the assessment as made, giving in her opposition the correct description and valuation of her property; that said opposition was disregarded; also that she offered to prove by witnesses the value of her property. The testimony was rejected on the ground that the court could not go behind or correct the assessment.

Authority to correct the errors complained of is solely confided to the State Board of Assessors in the city of New Orleans and the Auditor. Act No. 42 of the acts of 1871, sections 45 and 50. It was therefore useless for the court to hear testimony upon a point under the statute it was without authority to decide. The defendant also contends that there is no proof in the record to establish the demand of the plaintiff. There being no note of evidence in the record, the presumption is the judge below did his duty, and had sufficient proof before him to authorize his decree.

There is error, however, in the judgment allowing the penalty of twenty-five per cent. from fifteenth December, 1871, because until fifteenth December, 1872, the defendant did not become a delinquent taxpayer for the taxes of 1871.

It is therefore ordered that the judgment herein in favor of the plaintiff be amended by allowing the penalty of twenty-five per cent.

to run only from fifteenth December, 1872, and as amended that it be affirmed, appellee paying costs of appeal.

## ON REHEARING.

WYLY, J. It is not alleged in the answer that the defendant sought to correct the errors complained of in the assessment of her property, by making application to the State Board of Assessors, pursuant to sections 45 and 50 of act No. 42 of the acts of 1871. Furthermore, the constitutionality of that provision of said sections, making the decision of said board of assessors "final as to the valuations in said assessment rolls," was not raised in this case. The constitutionality of a law will not be considered where an issue to that effect has not been raised in the case.

Rehearing refused.