On Motion to Dismiss Appeal.
O’NIELL, J.
This suit was brought by four resident taxpayers of New Orleans against the city and the street railway company to prevent by injunction the collection of an increase in ear fare from five to six cents.
The allegations on which the injunction was demanded, stated broadly, were that the railway company was bound by stipulations in its franchise contract with the city not to charge more than five cents fare, and that a recent municipal ordinance purporting to authorize the increased fare was, for reasons stated in plaintiffs’ petition, unconstitutional, illegal, null, and without effect. Plaintiffs alleged that the amount in dispute or at issue in the case largely exceeded $20,000. The allegation was not disputed, nor was any proof offered to support it, beyond the affidavit of one of the plaintiffs attesting to the truth of all of the allegations of the petition.
The prayer of the petition was that a preliminary injunction should issue to prevent the collection of the excess fare, and, after due proceedings, that the municipal ordinance purporting to authorize the collection should be adjudged unconstitutional, illegal and null, and that the injunction should be made perpetual.
The judge issued a rule ordering the defendants to show cause why the preliminary injunction should not issue.
The defendants pleaded that the plaintiff^ had no right of action, that the petition disclosed no cause of action, and, in substance, that the municipal ordinanée modifying the railway franchise contract so as to permit the increase of fare was not violative of any provision of the Constitution or laws referred to in plaintiffs’ petition, and was entirely *185 valid and authorized by the municipal charter. The rule was tried and submitted on the pleadings, and the documents annexed thereto and made part thereof, consisting mainly of attested copies of the franchise contracts and pertinent municipal ordinances.
It appears from the reasons for judgment that the judge considered separately each and every attack made upon the constitutionality or legality of the ordinance in eoiitest. Concluding that the ordinance was valid, he gave judgment decreeing that the rule nisi should be recalled, that the preliminary injunction prayed for should be denied, “and that the plaintiffs’ demand be refected at their cost.” Plaintiffs prosecute this appeal from the judgment. Defendants move to dismiss the appeal on the grounds (1) that the court has not jurisdiction ratione materiae, and (2) that the judgment appealed from is only an interlocutory decree, and cannot cause irreparable injury to the plaintiffs.
[1] Appellees’ contention that the amount or value in contest does not exceed $2,000 is founded upon the idea that appellants are not interested to that extent; that is, that the extra one cent car fare would not cost them $2,000 in a lifetime. It is not disputed that, as far as the defendant railway company is concerned, the value of the right in contest largely exceeds $2,000. Therefore,' if the railway company were appealing from an adverse judgment, this court would have jurisdiction of the case. Eor that reason, we think the appeal taken by the plaintiffs belongs in this court. As was said in Marx v. Meyer Bros., 50 La. Ann. 1236, 23 South. 923, inasmuch as the defendants would have had the right to appeal to this court if they had lost the suit, the plaintiffs must have the same right. Defendants’ interest in the suit is as well in contest now as if they were appellants.
[2, 3] We are also of the opinion that the judgment rendered is one from which the plaintiffs were entitled to an appeal. The only relief sought, or object of the suit, was to prevent by injunction the act complained of. The only cause stated for demanding the relief was the alleged unconstitutionality or illegality of the ordinance purporting to authorize the increase of fare. The defendants did not, in their answer to the rule, deny any allegation of fact in the petition. Admitting the facts, they disputed plaintiffs’ conclusion of law, that a cause was shown for issuing a writ of injunction. The judge, having considered each and every attack made,upon the constitutionality or legality of the ordinance in question, and having found no force in any of the propositions of law advanced by the plaintiffs, rendered a judgment which, in effect, if affirmed, will put an end to the suit. That is the way an exception of no cause of action ought to be dealt with. See Oglesby v. Turner, 124 La. 1084, 50 South. 859. We see no reason why a defendant in a suit for no other relief than an injunction should not, in answer to a rule to show cause why a preliminary injunction should not issue, be permitted to plead that 'the petition does not disclose a cause of action for an injunction at all — preliminary or perpetual — and thus put an end to the suit if it is not founded on law.
In the decree rendered- in this case, “that the plaintiffs’ demand be rejected at their cost,” possibly the word “demand” refers only to the demand for a preliminary injunction. But the effect of the judgment, if affirmed, will be to dispose of the suit finally; because the reason for rejecting the demand for a preliminary injunction was not merely that plaintiffs were not entitled to a preliminary injunction, but that they were not entitled to any relief, even on proof of their allegations of fact. The reasons for the judgment thus rendered will, if affirmed, be the settled law of the case. It would be unreasonable. under these circumstances, to require that the suit be put at issue, and that judgment be rendered on the merits — or on *187 a want of merit in the case — before allowing the plaintiffs to appeal.
The motion to dismiss the appeal is overruled.
On Motion to Vacate Order Making Receiver Party to Appeal.
MONROE, C. J.
[4] The appeal herein was lodged in this court on December 19, 1918. On December ’28 the defendant company (appellee) moved to dismiss the appeal. On January 18, 1919, plaintiffs (appellants), alleging that since the lodging of the appeal and the filing of the motion to dismiss the United States District Court for this district had appointed J. D. O’Keefe receiver of the defendant, and that he had qualified under the appointment, moved that as receiver he “be made a party hereto”; and, it having been so ordered, copies of the motion and order, together with a citation to appear herein, were served upon the receiver in person, on January 20, 1919; and on February 3 following this court handed down a judgment overruling the motion to dismiss. Thereafter (on February 12) the receiver appeared by motion, and reciting the facts above stated, and suggesting that according to the comity observed between courts, and the law, this court is without authority “to prosecute, or authorize the prosecution of, this appeal, as against mover, in his capacity as receiver,” and that the court wherein mover was appointed “is the sole court which has jurisdiction over him and the property under his administration,” prayed that appellants be required to show cause why the order making the receiver a party to this suit should not be rescinded; and, the rule to show cause having been granted, the appellants, by way of return thereto, also recite the facts above stated, and allege that in view thereof the order making the receiver a party was competent and proper; that his appointment did not destroy the corporate existence or capacity of the appellee, or devest this court of its previously acquired jurisdiction; that the consent of the United States court was not necessary to enable this court to make the order here complained of, but that, if necessary, it was given before the order was made, having been included in the powers originally conferred upon the receiver by the decree appointing him; that, should it be held that said order should be vacated, this court is nevertheless authorized to proceed to judgment as between plaintiffs and the original defendant,” etc.
The decree (of date January 9, 1919), appointing the receiver is annexed to, and made part of, the return, and reads, in part, as follows:
“It is ordered that J. D. O’Keefe be, and he is, appointed receiver of the New Orleans Railway & Light Company, and of all its property; * * • and he is hereby authorized, forthwith, to take possession of all of said property. * * * He is authorized and directed to collect all moneys, claims, and accounts; * * * to institute and prosecute such suits * * * as he may be advised by counsel; to defend all such suits as may be brought against said receiver, as well as all suits now pending or hereafter brought ag'ainst said railroad company which affect * * ■ * or involve the property of said company,” etc.
We are informed (through the brief of the counsel for the receiver) that on February 24 his honor the judge of the District Court of the United States made an order (of which a certified copy is said to have been, but has not been, filed herein) authorizing the receiver—
“to appear in the several courts of the state of Louisiana, in proceedings there pending against the New Orleans Railway & Light Company, in which it has been sought to make said receiver a party, and except to the jurisdiction of said courts in the premises.”
It therefore appears that this suit had been instituted against the defendant company, decided by the trial court, and appealed to this court, when the receiver was appointed, with authority, conferred in express terms, *189 to defend all such suits as might be brought against him, “as well as all suits now [then] pending,” or thereafter brought against said railroad company, which affected, or might affect or involve, its property; that the receiver was served with a copy of the order of this court directing that he be made a party hereto, with a citation to appear and conform to that direction within 25 days; that with no authority from the court by which he was appointed, with respect to this suit, to do otherwise than defend it, he moved this court to rescind its order last above mentioned, on the ground that it was without authority to make such order, and that the court by which he was appointed was alone vested with jurisdiction over him (meaning, with jurisdiction to determine whether he should be called, as a necessary party, to defend a suit which was pending when he was appointed, and which, as a pending suit, it had expressly authorized him to defend); and that 12 days after his said appearance, and 10 days after the expiration of the delay allowed by this court within which, under its order, he was to become a party hereto, the appointing court made an order authorizing him to do that which he had already done, without such order, to wit, make the objection that he could not be made a party to this pending suit against the railway company without being authorized to that effect by the court which appointed him.
But he possessed the authority from the appointing court, and, so possessing, it would seem to have been his duty to appear and defend this suit when this court made its order that he be made a party for that purpose. He was cited to appear, and was allowed 25 days within which to do so, and during the whole of that time and after-wards he possessed the same authority. The question here presented, therefore, is not whether he can be made a party hereto, without the consent of the appointing court, but whether, having the consent of that court and having been made a party defendant herein by an order of this court, made at a time when neither the lack of such consent nor any other obstacle stood in the way, the consent can now be withdrawn. We think not; and we doubt whether the order made by the learned judge of the United States District Court on February 24 is to be construed as so intended. Our statute (Act 159 of 1898, § 5, p. 312) provides that—
“In the order appointing such receiver such court may, in its discretion, confer on the receiver such powers of administration as it may deem best for the interest of all parties, and may from time to time restrict or enlarge such powers,” etc.
But where an agent is vested with authority to-defend a suit, and, while so authorized, is cited to defend it, the court in which the suit is pending thereby becomes vested with jurisdiction to proceed and determine the issues involved with reference to the fact that he has been impleaded, and we know of no rule under which that jurisdiction can be defeated by a subsequent withdrawal of his authority.
The weight of authority, perhaps, sustains the view that a receiver cannot, in his own name, go into a court, other than that of his appointment, merely by virtue of .his appointment and of the general powers thereby conferred upon him, but a contrary doctrine is strongly maintained in some of the states.
“Thus,” says Mr. High, “in Tennessee it is held that the necessary effect of the delivery of a demand or chose in action to a receiver, duly appointed by a court of equity, is to invest him, in his capacity as receiver, with such an interest in the debt to be recovered that he alone is entitled to sue therefor. * * * So, in Louisiana, it is held that a receiver of partnership assets, appointed during litigation for a settlement of the firm business, is authorized by virtue of this appointment to institute an action *191 in his own name for the recovery of money due to the firm, and that a judgment in his favor is a sufficient protection to the defendant therein.” Citing Helme v. Littlejohn, 12 La. Ann. 298.
And similar cases are cited from Maine, Pennsylvania, New York, and Georgia. High on Receivers (3d Ed.) p. 188 et seq.
From the same author we take the following:
“When the receiver’s authority is derived, not merely from the order appointing him, but from a statute under which his appointment is made, his functions as regards the bringing of suits, in matters concerning his receivership, .must be determined with reference to the extent of the powers conferred by the statute.” Id. p. 190.
In the instant case, whether the authority to defend all pending suits against the railway company was conferred by the judge of the United States court with reference to the state statute or to the rules governing the practice in equity in the courts of the United States is immaterial, as we have no doubt that it was competent for the learned judge to confer that power; and, as we find nothing in the order of February 24 purporting to withdraw it (if that were possible, as matters now stand), we are of opinion that the rule predicated upon the theory that it has been withdrawn, or was never conferred, should be dismissed; and it is so ordered.