(127 So. 370)

## STATE v. BANNER CLEANERS & DYERS, Inc.

### No. 30432.

March 5, 1930.

Alfred M. Guilbeau, of New Orleans, for the State.

L. R. Wertheimer, of New Orleans, for appellee.

OVERTON, J.

This is a proceeding by rule to collect license taxes from defendant, for conducting the business of cleaners, dyers, and pressers for the years 1927, 1928, and 1929, upon allegations showing that the amount of business done by defendants ranges from $125,000 to $150,000 a year. The licenses, if due at all, are due under section 25A of Act 205 of 1924.

Defendant appeared, and by a plea, which it terms an exception of no cause or right of action, specifically attacked the constitutionality of section 25A of Act 205 of

1924 on two grounds. One of these grounds is that defendant is exempt from license taxation under section 8 of article 10 of the Constitution of 1921, because the business in which it is engaged and for the conducting of which the licenses, sought to be collected, are levied, is a mechanical pursuit. This ground of attack was not considered in the trial court, is not argued here, and therefore will not be considered. The remaining ground of attack is that section 25A is violative of section 1 of article 10 of the Constitution of 1921, in that the licenses there imposed lack complete graduation, lack uniformity, and the section is arbitrary and discriminatory, and moreover is violative of the Fourteenth Amendment of the Constitution of the United States, in that it denies to defendant the equal protection of the laws.

Section 8 of article 10 of the Constitution of 1921 authorizes the Legislature to levy license taxes on such classes of persons, associations, and corporations, pursuing any trade, business, occupation, vocation, or profession, as the Legislature may deem proper, except on certain classes, which the section exempts, but provides that such license taxes must be classified, graduated, or progressive.

Section 25A of the Act of 1924 levies a license tax on all persons, firms, associations, or corporations, conducting the business of steam dyeing, steam cleaning, steam pressing, or steam or electric laundering. The section graduates the license imposed into twenty-eight classes; the graduation being upon the basis of the yearly receipts. In the first class it is provided that, when the gross annual receipts are $1,000,000 or more, the license shall be $2,000. The licenses are then graduated downwards without any hiatus, until the twenty-eighth classification is reached, when, between that classification and the twenty-

seventh, there appears a hiatus of $1,000, or, in other words, no license is levied on those pursuing the foregoing callings when the gross annual receipts are less than $6,000, or are $5,000 or more.

As we have indicated, the Legislature has elected to graduate the license tax levied in section 25A. The Legislature, having elected so to proceed, should have graduated the tax as contemplated by the Constitution. This is accomplished by regulating and fixing it according to a certain established basis to which it must bear a certain proportion. State v. O'Hara, 36 La. Ann. 95; State v. Rittenberg, 112 La. 224, 36 So. 330.

The Legislature, inadvertently it is true, has failed to pursue that course in adopting section 25A. This failure was occasioned by overlooking to levy a license tax on those whose gross annual receipts are less than $6,000 and are $5,000 or more.

The case of State v. Southern States Alcohol Mfg. Co., 137 La. 72, 68 So. 217, 219, is quite similar to the present case. In that case, section 11 of Act 171 of 1898 was attacked as unconstitutional on the same grounds as section 25A of the Act of 1924. The alleged defects, which prompted the attack, were that the section did not impose a license tax on those whose receipts were between $100,000 and $150,000, and upon those whose receipts were exactly $20,000, while it imposed such a tax on those in the same line of business whose receipts fell either above or below those figures. In passing on the questions presented, the court said: "If a part of the thing to be graded is left out, if some of the persons, firms, or corporations to be classified are left out, there is not a complete gradation or classification, but only a partial one (in other words, there is not a gradation or classification, but only the com-

mencement, or attempt at one); and, needless to say, this last is not what article 229 of the Constitution contemplates when it requires a gradation or classification; but what it contemplates and requires is a gradation or classification that is complete, that embraces all the persons, firms, or corporations subjected to the license, or, which is the same thing, who must be subjected to it if discrimination and consequent unconstitutionality is to be avoided."

Section 11 of Act 171 of 1898, concerning which the foregoing was said, was adopted under the Constitution of 1898. The only difference between that Constitution and the Constitution of 1921, under which section 25A of the Act of 1924 was adopted, is that article 229 of the former Constitution required that licenses be graduated, whereas section 8 of article 10 of the present Constitution provides that "license taxes may be classified, graduated or progressive." There is no such difference between the two Constitutions as to destroy the pertinency of the foregoing excerpt, quoted from the Southern States Alcohol Mfg. Co. Case. To classify license taxes, as meant by the Constitution of 1921, is to distribute them into classes; to arrange them according to a system; to arrange them in sets according to some method founded on common properties or characters. See Webster's New International Dictionary. To make license taxes progressive, as used in the Constitution of 1921, means to cause them to advance, with reasonable regularity, on a certain fixed basis; and to graduate license taxes, as meant in the Constitutions of 1898 and 1921, as we have said, is to regulate them according to a certain established basis to which they must bear a certain proportion. Not one of these methods, within the meaning of the Constitution of 1921, will admit of

leaving out of the classification adopted a class which properly comes within it, for such an arbitrary omission would work an unjust discrimination in violation of the Fourteenth Amendment of the Constitution of the United States—a result which was not contemplated by the Constitution of this state.

The Southern States Alcohol Mfg. Co. Case was not overruled by State v. Winehill & Rosenthal, 147 La.·781, 86 So. 181. The statute under consideration in the latter case, Act 206 of 1908, failed to impose a license tax on those whose receipts were exactly $20,000 a year. A similar failure occurred in enacting the statute under consideration in the Southern States Alcohol Mfg. Co. Case, in addition to the failure to impose a tax on those who receipts were between $100,000 and $150,000. The court thought in the Winehill & Rosenthal Case that, if the decision in the Southern States Alcohol Mfg. Co. Case had depended upon the almost fanciful failure to make provision for a 1-cent increase in business, the decision in the latter case would have been the reverse of what it ·was, and therefore ruled that the Southern Alcohol Mfg. Co. Case was not applicable to the case then before it, but did not expressly or impliedly overrule that case.

█ Not only do we think that section 25A of the Act of 1924 violates the Constitution of this state, but that it is also violative of the Fourteenth Amendment of the Constitution of the United States, in that the section works an unjust discrimination, and works a denial of the equal protection of the laws. A statute which makes discrimination between persons engaged in the same class of business of a positive and direct character is unconstitutional, because it denies equal protection of the laws. Equal protection is denied when upon one of two parties in the same kind of business and under the same conditions burdens are cast which are not cast upon the other. Cotting v. Godard, Attorney General of Kansas, 183 U. S. 79, 22 S. Ct. 30, 46 L. Ed. 92. A state cannot prescribe regulations for the conduct of trade by dividing those engaged in trade into classes, and make criminals of one class, if they do certain forbidden things, while allowing another and favored class engaged in the same domestic trade, to do the same thing with impunity. Such a statute is not a legitimate exertion of the power of classification, rests upon no legal basis, is purely arbitrary, and plainly denies the equal protection of the laws of those against whom it discriminates. Such a statute is repugnant to the provisions of the United States Constitution, Fourteenth Amendment, in respect to the equal protection of the laws. Connoly v. Union Sewer Pipe Co., 184 U. S. 540, 22 S. Ct. 431, 46 L. Ed. 679.

The Legislature, by its failure to impose a license tax on those following the occupation of steam cleaning, pressing, laundering, and· dyeing, or electric laundering, where the gross annual receipts range between $5,000 and $6,000, while imposing licenses on those whose gross annual receipts exceed that amount or fall below it, has, in effect, arbitrarily exempted those whose receipts so range from license taxation, and placed them in position to compete with the others, under more favorable circumstances. Section 25A is clearly unconstitutional, and it must be so decreed. To avoid such a decree, it would be necessary to throw those whose receipts range between $5,000 and $6,000 in either the higher or lower class, but this is not a judicial function, but a legislative one.

█ In declaring the section unconstitutional we appreciate that the business of defendant does not fall within the classification of

those whose receipts range between $5,000 and $6,000; nevertheless, since the section as a whole is unconstitutional, defendant, whose business is being taxed by the section, has an interest in attacking its constitutionality. This point was disposed of in State v. Southern States Alcohol Mfg. Co., supra, adversely to the state.

The trial judge sustained the plea of unconstitutionality. The judgment is correct.

For these reasons, the judgment appealed from is affirmed.