188 So. 739

CAUSEY v. OPELOUSAS–ST. LANDRY SECURITIES CO., Inc.

CAUSEY et al. v. SAME.

No. 34823.

April 3, 1939.

Rehearing Denied May 1, 1939.

Dubuisson & Dubuisson, of Opelousas, for appellant.

O. E. Guillory, of Ville Platte, for appellee.

ROGERS, Justice.

These are the same two consolidated cases that were recently on appeal before this Court. That appeal was prosecuted by the defendant from a judgment confirming a default. This Court annulled the judgment and remanded both cases for further proceedings according to law. 187 La. 659, 175 So. 448. After the mandate reached the district court, the defendant filed its answer in each suit.

The suits are petitory actions in which Truman M. Causey, as curator of the vacant successions of William Shields and of Robert Rogers and Caroline Z. Hudson, seeks to recover Sections 40 and 41, Township 2 South, Range 1 East, Parish of Evangeline. In each suit is included a demand to annul a tax sale of the sections made under Act No. 107 of 1880 to Samuel Haas, on May 10, 1881, and subsequent conveyances of the property made by his heirs and assigns.

In his petitions, original and supplemental, plaintiff alleged four grounds of nullity against the tax title acquired by Samuel Haas, viz., first, that there had been no forfeiture of the property to the state previous to its sale under Act No. 107 of 1880; secondly, that the property was not sold on the date designated by the statute; thirdly, that the property had escheated to the state and therefore could not have been legally assessed and sold for taxes; and fourthly, that the property was assessed in the name of a dead man and was sold without notice to his heirs either directly or impliedly through a curator ad hoc.

In its answer the defendant, Opelousas-St. Landry Securities Co., Inc., set up, among other defenses, that the tax title to Samuel Haas, which is the basis of defendant's title, was valid and if not valid, it was validated by the prescriptions that were pleaded. Defendant averred that Samuel Haas, the tax purchaser, and his successors in title had paid all the taxes assessed against the property from year to year and had had the requisite possession to acquire title by adverse possession of ten and thirty years. Defendant specifically pleaded, as a defense to plaintiff's demands, the prescription of three years liberandi causa ordained by Article 233 of the Constitutions of 1898 and 1913 and section 11 of Article 10 of the Constitution of 1921; the prescription of thirteen years liberandi causa created by Act No. 185 of 1904; the prescription of ten years acquirendi causa established by Article 3478 et seq. of the Civil Code, and the prescription of thirty years acquirendi causa prescribed by Article 3499 et seq. of the Civil Code.

The trial judge held that the constitutional prescription of three years and the statutory prescription of thirteen years were not applicable to this case and that the codal prescriptions of ten years and

thirty years were not established by the defendant. He rendered judgment in each suit annulling the tax sale to Samuel Haas and all subsequent sales made by his heirs and assigns. The court awarded plaintiff damages for the timber and pulp wood sold and removed from the property and reserved plaintiff's right to sue for further damages resulting from a sale of a portion of the property and for the additional timber and pulp wood removed from the property subsequent to September 7, 1937. From that judgment defendant has appealed.

At the close of the oral argument in this Court plaintiff filed a plea attacking the constitutionality of Act No. 185 of 1904. Defendant has filed an exception to the plea of unconstitutionality on the ground that such a plea could not be made for the first time in this Court.

Defendant has pleaded two prescriptions liberandi causa and two prescriptions acquirendi causa in bar of plaintiff's attack on its title. The only one of those pleas that it is necessary for us to discuss is the plea of thirteen years' prescription liberandi causa established by Act No. 185 of 1904, which we find to be well founded.

Act No. 107 of 1880, under the provisions of which the property was acquired by Samuel Haas, is an act providing for the sale of all property forfeited or sold to the state for delinquent taxes or licenses.

Act No. 185 of 1904, on which defendant relies in support of its plea of thirteen years' prescription liberandi causa, provides:

"That any person or corporation holding, or claiming immovable property under a deed made by * * * a Tax Collector, * * * which has been on record for more than ten years, and is, or purports to be, founded on a forfeiture for taxes theretofore had or made * * * under a tax forfeiture, whether any such forfeiture actually took place or not, shall after the expiration of three years from the passage of this act, be held and deemed to be the absolute owner of the property described in such deed, provided, they or their authors shall have paid, or do pay all taxes assessed against said property for such period of thirteen years; and no Court in this State shall thereafter entertain any suit to cancel or in any wise affect the title of any person or corporation claiming by, through or under such deed." Section 1.

This act was approved July 7, 1904. All that was required for it to become effective in any case was for the tax sale to have been recorded for more than ten years before its passage, and for the person holding under the tax sale to have paid taxes on the property for thirteen years, ten before and three after, the passage of the act. The property involved in this case was adjudicated to Samuel Haas on May 10, 1881. The deed was executed on June 30, 1881, and was recorded on July 9, 1881. Defendant proved that Samuel Haas and his successors in title had paid the taxes for more than ten years before and for

more than three years after the adoption of Act No. 185 of 1904.

But plaintiff contends that as a basis for the sale of property under the provisions of Act No. 107 of 1880, a previous forfeiture or adjudication to the state for the non-payment of taxes was required, and that no such forfeiture or adjudication preceded the sale to Samuel Haas. Plaintiff's contention is untenable in view of the provisions of Act No. 185 of 1904. That act expressly declares that any person or corporation "holding, or claiming" immovable property under a deed which "is, or purports to be, founded on a forfeiture for taxes theretofore had or made," whether any such forfeiture actually took place or not, shall be held and deemed to be the absolute owner of the property described in said deed. In other words, it is not necessary that the title claimed shall be under a deed founded on a forfeiture for taxes in order to come within the purview of the statute. It is sufficient if the deed purports to be so founded. Unquestionably the deeds in this case purport to be founded on a previous forfeiture or adjudication to the state for delinquent taxes. Hence, the statute is particularly applicable to this case.

Defendant having shown full compliance with the provisions of Act No. 185 of 1904, that fact is sufficient to validate the Haas tax title under which defendant claims.

Plaintiff's plea of unconstitutionality of Act No. 185 of 1904, filed for the first time in this Court, alleges that the act seeks "to cure and make valid forfeitures

of property for the non-payment of taxes in contravention of the Constitution of 1879, Article 210, and the Constitution of 1898, Article 233, which was the fundamental law of this State when the legislature enacted said unconstitutional Act No. 185 in the year 1904."

Plaintiff, in a supplemental brief, submitted in support of the plea, contends that as the plea is intended as a peremptory exception founded on law, it may be pleaded at any stage of the action, even in the Supreme Court, previous to definitive judgment. In support of his contention, plaintiff refers to Articles 346 and 902 of the Code of Practice and the cases of Veasey v. Peters, 142 La. 1012, 77 So. 948; Black v. New Orleans R. Co., 145 La. 180, 82 So. 81; and State v. Winehill & Rosenthal, 147 La. 781, 782, 86 So. 181.

The cases of Veasey v. Peters and Black v. New Orleans R. Co., supra, are not authority for plaintiff's contention. In Veasey v. Peters, supra, the exception of no cause or right of action filed in this Court was based on the claim that the work in which the plaintiff was engaged when he was injured, as shown by the record, was maritime in its nature and for that reason his action was within the admiralty jurisdiction of the Federal courts and not within the jurisdiction of the state courts under the Workmen's Compensation Act of this State (Act No. 20 of 1914). In Black v. New Orleans R. Co., supra, the exception that the petition charging the unconstitutionality of the municipal ordinance involved in that case failed to disclose a cause of action, was filed and overruled

in the district court. The exception of the City of New Orleans was considered and held to be well founded in this Court because the City, answering appellee's appeal, asked that its exception be maintained and that the suit be dismissed. The exception filed by the defendant railway company was not considered by this Court because the railway company, having failed to answer the appeal, the ruling on the exception was considered to be final as to it. The case was virtually tried on its merits on the rule nisi and the judgment of the district court in favor of the railway company was affirmed by this Court.

While there are some expressions used in the opinion in the case of Winehill and Rosenthal indicating that a plea of unconstitutionality could be filed for the first time in this Court under an exception of no cause or right of action, the fact remains that the plea of unconstitutionality of the statute involved in that case was actually filed in the district court, but only after the case had been submitted for decision. The trial judge refused to consider the plea on the ground that it came too late. On appeal, this Court held that the ruling of the trial judge was erroneous; that under Article 346 of the Code of Practice, a plea that the law under which the plaintiff is proceeding is unconstitutional, may be filed and considered by the court at any time before the rendition of the judgment. Article 346, of course, refers to proceedings in the court of original jurisdiction.

■ Neither Article 346 nor Article 902 of the Code of Practice, permitting the filing in this Court of any exception that may be filed at any period of the case when proof of the exception appears by the mere examining of the record, authorizes the filing, for the first time, in this Court, of a plea of unconstitutionality. That plea, whether it be urged by exception or by answer, is in the nature of a special defense and must be specially pleaded.

As far back as the case of State v. St. Romes, 26 La.Ann. 753, this Court held that the constitutionality of a law would not be considered where an issue to that effect has not been raised in the court below. In Allopathic State Board Medical Examiners v. Fowler, 50 La.Ann. 1358, 24 So. 809, it was held that the same rule applies to cases where special grounds of unconstitutionality are set up for the first time in this Court. And the rule has been approved and followed by this Court in a number of other decisions, among which may be mentioned the recent cases of State v. Banner Cleaners & Dyers, 170 La. 76, 127 So. 370; Succession of Fachan, 179 La. 333, 154 So. 15; Southern Amusement Co. v. City of Jennings, 180 La. 800, 157 So. 720.

■ Since plaintiff did not question the constitutionality of Act No. 185 of 1904 in his pleadings in the district court, we are unable to consider and give effect, if it is entitled to any effect, to the plea of unconstitutionality, filed for the first time in this Court.

For the reasons assigned, the judgments appealed from are annulled, and it is now ordered that there be judgment in favor of the defendant, Opelousas-St. Landry Securities Co., Inc., and against plaintiff, Truman M. Causey, as curator of the Succession of William Shields, and as curator of the vacant succession and absent heirs of Robert Rogers and Caroline Z. Hudson, maintaining defendant's plea of thirteen years' prescription liberandi causa. It is further ordered that plaintiff's suits be dismissed and that defendant's title to and possession of the property involved in said suits be recognized and enforced. Plaintiff is to pay all costs.

O'NIELL, C. J., concurs in the result.

FOURNET, J., concurs.

HIGGINS, J., absent.

On Application for Rehearing.

PER CURIAM.

In our original decree we inadvertently cast plaintiff in costs. The record discloses that plaintiff instituted the suits in forma pauperis; hence, the plaintiff should not be condemned to pay the costs. Our decree is accordingly amended by striking therefrom the requirement that plaintiff pay all costs.

Rehearing refused.