AYRES, Judge.
In this action for a declaratory judgment' and for injunctive relief, instituted April 19, 1962, plaintiff, a licensed funeral establishment, assails certain rules and regulations of defendant board as ultra vires-in exceeding authority conferred upon it by LSA-R.S. 37:831 et seq., as then in. effect, and, as such, null and void. Plaintiff additionally contends that the action of defendant board in prohibiting an advertisement, to the effect that plaintiff will credit the face value of any valid' burial policy, upon services performed by it, is unjust, arbitrary, discriminatory,, capricious, unrelated to public health, safety, welfare, or morals, and violative of the free speech and press provisions of the First Amendment to the Constitution-of the United States of America and of Article 1, Section 3 of the Constitution of Louisiana, and of the due-process and equal-protection clauses of the Fourteenth-Amendment of the Constitution of the-United States of America and of the due-process clause of Article 1, Section 2 of the Constitution of Louisiana. Plaintiff accordingly prays that the defendant’s-threatened enforcement of these rules and. regulations be enjoined.
The rules of which plaintiff complains-prohibited (1) the payment directly or in *187 ■directly of any money or other gratuity to secure business; (2) a solicitation of business in person “and/or” by agents ■commonly known as “cappers” or “steer-ers”; (3) unprofessional, unethical, or ■dishonorable conduct; (4) the use of untruthful, deceptive, unethical, misleading or •improbable statements in advertising, or -in the sale of merchandise.
The violation of these rules attributed to plaintiff was predicated upon an advertisement, occasionally inserted in two daily newspapers in lieu of announcements -of funerals, reciting:
“SERVICES BY
OSBORN FUNERAL HOME
NO SERVICES SCHEDULED
We Will Credit the Face Value of Any Valid Burial Policy Against the Cost of an Osborn Service.”
Plaintiff was notified, as were other funeral directors, of defendant’s intention to give immediate attention to matters involving such violations of its rules and of its intention to take action for the cancellation or suspension of any violator’s certificate and license.
Upon trial, the court sustained the defense that the rules and regulations of the board were promulgated under valid statutory authority, were not violative of any constitutional provision of either the Federal or the State constitution, and were therefore valid. From judgment denying the relief sought, plaintiff appealed and assigned as error the failure of the court to sustain its contentions enumerated above.
Phases of this cause relating to the venue of the action have been before this court twice. 149 So.2d 225 (1963)—writs denied, 244 La. 204, 151 So.2d 493 (1963); 162 So.2d 596 (1964).
Subsequent to the institution of this action, but before trial, the provisions of the statute LSA-R.S. 37:831 et seq., under which plaintiff asserted the nullity of the questioned rules and regulations and upon which the defendant based its defense, were amended by Act No. 12 of 1963 and, after trial but before judgment, by Act No. 19 of 1966. In the first of these statutes (LSA-R.S. 37:846, subd. A), it was provided :
“The board may refuse to grant, refuse to renew, or may suspend or revoke, any license or registration certificate when licensee is found guilty of the following acts or omissions:
***** *
“(2) Paying directly or indirectly any money or other gratuity for the securing of business.
“(3) Solicitation of business in person and/or agents commonly known as ‘cappers’ or ‘steerers.’
******
“(5) Unprofessional, unethical or dishonorable conduct.
******
“(10) Use of untruthful, deceptive, unethical, misleading or improbable statements in advertising, or in the sale of merchandise.”
By the latter act, the quoted section of the statute, in part, provided, inter alia:
“The board may refuse to grant, refuse to renew, or may suspend or revoke, any license when applicant or licensee is found guilty of any of the following acts or omissions:
******
“(2) Paying, giving or offering, directly or indirectly, orally or in writing, any money, credit, discount, gratuity or other thing of value as an inducement for the business of a prospective customer ; provided that this prohibition shall not be in any way construed as prohibiting the execution or servicing by the parties *188 thereto of any funeral service contract of the type recognized or required by any provisions of R.S. Title 22.
“(3) Solicitation of business, either in person or through agents commonly known as ‘cappers’ or ‘steerers.’
******
“(5) Unprofessional, unethical or dishonest conduct.
******
“(10) Use, in advertising or in the sale of merchandise or services, untruthful, deceptive, unethical, misleading or improbable statements, or any practice, offer or inducement prohibited by any provisions of this Section.”
Contrary provisions of the former statute were repealed. Thus the authority purportedly conferred by the former statute upon defendant board to adopt the rules and regulations assailed by plaintiff no longer exists. The Legislature, however, retained unto itself the power to enact appropriate rules and regulations upon the subject, and this authority was exercised in the amendments quoted. Therefore, the rules and regulations of which plaintiff complains have no basis for their existence and, in fact, no longer exist or have any pertinence.
While it may be noted that no direct attack is made upon the constitutionality of the quoted provisions of the amending statutes, plaintiff contends, in brief and in argument before this court, that because of the incorporation of the provisions of the rules and regulations in the enactments of the Legislature, the attack made upon their constitutionality should be considered as applying and extending to the statutes themselves. The rule is, however, well established that he who urges the unconstitutionality of a statute not only must especially plead its unconstitutionality but must show specifically wherein it is unconstitutional, and that such issues not presented by the pleadings are not properly before the court and consequently cannot be considered on appeal. A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224, 229 (1945); Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547, 552 (1941); Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11 (1941); State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219 (1938); City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930); State ex rel. Curtis v. Ross, 144 La. 898, 81 So. 386 (1919); Mitchell v. Louisiana State Board of Optometry Examiners (La.App.) 146 So.2d 863, 869 (3d Cir.1962); DeBlanc v. DeBlanc (La.App.) 18 So.2d 619, 623 (Orl.1944).
The rule is so strictly adhered to that,, where the constitutionality of a statute-is assailed upon specific grounds in a trial' court, other grounds of alleged invalidity-may not be presented for the first time- and considered in an appellate court. Giamalva v. Cooper, 217 La. 979, 47 So.2d 790 (1950); Causey v. Opelousas-St. Landry Securities Co., 192 La. 677, 188 So. 739 (1939); State v. Banner Cleaners & Dyers, 170 La. 76, 127 So. 370 (1930); Allopathic State Board of Medical Examiners v. Fowler, 50 La.Ann. 1358, 24 So. 809 (1898).
Whether the pleas of unconstitutionality raised in this case apply and extend to the provisions of the present statute is a matter concerning which there may be serious doubt. Whatever obscurity now exists, however, may be made clear. In this regard, we point out that defendant no longer pretends its former rules and regulations are in effect or that it will take any action thereunder, but relies upon the provisions of the present statute, the constitutionality of which, it contends, has not been attacked. Plaintiff’s position, as previously noted, is that its attack upon the rules and regulations applies and extends to the provisions of the statute, as now amended, into which were incorporated the provisions of the board’s rules and regulations..
Both plaintiff and defendant have urged in brief and in argument, the defendant *189 doing so with reservations, their respective positions with regard to the constitutionality of the present statute. Nevertheless, in view of defendant’s objection, the doubtful sufficiency of plaintiff’s pleadings, and the absence of service upon the attorney general as required by LSA-C.C.P. Art. 1880, we do not deem that we are authorized to or should determine this issue.
Plaintiff urges, alternatively to a decision on the merits of the controversy, that this cause be remanded to the end that sufficient formal pleadings to present the issue may be filed. The record, as already noted, is incomplete and of doubtful sufficiency, in our opinion, to serve as a basis for a declaratory decree which would, as intended by the Declaratory Judgments Act, terminate the controversy giving rise to this proceeding. The attorney general is entitled, since the constitutionality of a statute is assailed, to service of a copy of the proceedings and a right to be heard. LSA-C.C.P. Art 1880. Moreover, plaintiff should be able to amplify, through appropriate pleadings, the basis of its assault upon the constitutionality of the sections of the law under attack.
This controversy has been pending in court for more than four and one half years. Writs were granted on two occasions by this court and were denied once by the Supreme Court on an application for review of our action. Final determination of the issues and the termination of this proceeding by a definitive judgment is of concern and importance not only to defendant as an agency of the State and to plaintiff as an individual directly affected, but also to others occupying similar status. Rather than reject plaintiff’s demands, which would serve no purpose, settle no issues, and require plaintiff to institute an action anew and build another record, we deem it in the interest of justice and to avoid additional delay and a multiplicity of lawsuits to remand this cause so that the record may be supplemented, the appropriate pleadings may be supplied, and an indispensable party may be im-pleaded.
Therefore, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that this cause be remanded to the Honorable First Judicial District Court in and for Caddo Parish, Louisiana, and reopened; that the attorney general be im-pleaded as an indispensable party; and that plaintiff be afforded an opportunity to supplement the record by appropriate pleadings, setting forth more specifically the basis of its attack upon the constitutionality of the statute assailed; and that the issues be again resolved from the record as supplemented.
Reversed and remanded.