ON APPLICATION FOR REHEARING
PER CURIAM.
Appellant has filed an application for rehearing in which it generally rear-gues factual questions and, in addition, relies on the dissenting opinion which would hold plaintiff has been deprived of its property without due process of law in violation of LSA-Const. Art. 1, §§ 2 and 6. This per curiam is written for the purpose of *602 pointing out the constitutional question was not considered in the majority opinion because it was not an issue before this court.
The statute, specifically the second paragraph of LSA-R.S. 47:1998, clearly and unequivocally requires the taxpayer to timely file the sworn list in order that he may have the right to test the correctness of changes in assessments made under written instructions of the Commission. Thus, the constitutional question, if raised, would be whether the required necessity of filing the sworn list, or otherwise of being denied the right of judicial review, is constitutional.
Our long settled jurisprudence is that any contention not urged on appeal, in either oral argument or in brief, is deemed waived and abandoned and will not be considered by the appellant court. Texas Co. v. Cooper, 236 a. 380, 107 So.2d 676; Reimann v. New Orleans Public Service, 191 La. 1079, 187 So. 30; State v. Owin, 191 La. 617, 186 So. 46; Constantin Refining Co. v. Day, 147 La. 623, 85 So. 613; LeDay v. New York Fire and Marine Underwriters, Inc., La.App., 203 So.2d 562; Parish of Jefferson v. Bertucci Bros. Const. Co., La. App., 176 So.2d 688; Tingle v. Rogers, La. App., 134 So.2d 110; Boddie v. Morehouse Parish Police Jury, La.App., 91 So.2d 463; Dowden v. State, La.App., 81 So.2d 48; Pacific Finance Co. v. Granite State Fire Ins. Co., La.App., 45 So.2d 378; Ingram v. State Farm Mut. Automobile Ins. Co., La.App., 35 So.2d 781; Prejean v. Richard, La.App., 158 So. 693; National Materials Co. v. Guest, La.App., 147 So. 771. This rule is applicable to claims of unconstitutionality. Giamalva v. Cooper, 217 La. 979, 47 So.2d 790; State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678; State v. Banner Cleaners & Dyers, 170 La. 76, 127 So. 370.
In this case appellant’s original and supplemental petitions in the trial court do allege the Commission’s action was unconstitutional. But in this court it did not make such a contention. Both appellant’s oral argument and its brief were and are devoid of any argument relative to unconstitutionality or of any mention thereof. Thus, the issue was not before us and a discussion of unconstitutionality would have been, and would now be, academic.
Appellant’s application for rehearing is refused.
Application refused.
REDMANN, J., is of the opinion a rehearing should be granted.