CHARLES R. JONES, Chief Judge.
liThe Appellant, Michelle Albe, seeks review of the judgment of the district court granting the exception of no right of action of the Appellee, American Traffic Solutions, Inc. Finding that the district did not err under our de novo review, we affirm.
The matter sub judice involves a putative class action that arises out of the red light camera operation instituted by the City of New Orleans (“the City”). Ms. Albe is the putative lead plaintiff who filed suit against the City in 2008, contesting a ticket that was issued to her pursuant to the Automated Traffic Enforcement System (“ATES”) ordinance, and alleging that neither the photos nor video taken by the traffic camera showed who was driving the cited vehicle at the time of the alleged infraction.[1] The ATES ordinance sets forth a civil fine collection system based on photographic evidence of alleged traffic violations. Since filing her original petition, Ms. Albe has since filed four (4) amending and supplemental petitions. In her second amending and supplemental petition, Ms. Albe added |2American Traffic Solutions, Inc. (“American”) as a defendant. American operated the red light camera system for the City.
In her third amended and supplemental petition, Ms. Albe sought class action status for the first time. The district court granted summary judgment in favor of the City and American dismissing all of the claims of Ms. Albe that challenged the constitutionality and the overall validity of the ATES ordinance, but the court did not dismiss Ms. Albe’s claim that the ATES Ordinance is preempted by the Louisiana Highway Regulatory Act, La. R.S. 32:1, et seq.
In the fourth amended and supplemental petition, Ms. Albe challenged the overall validity of the original ATES ordinance on the grounds that the retroactive application of an amendment to the ATES ordinance violates the Due Process Clause of *586 the United States and Louisiana Constitutions, and constitutes an ex post facto law. Ms. Albe further claimed that the ATES ordinance is preempted by the Louisiana Highway Regulatory Act, La. R.S. 32:1, et seq. Ms. Albe also asserted claims based on the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. § 1692, et seq., and Louisiana tort laws. Finally, she asserted a breach of contract claim based on the contract between American and the City.
In response to the fourth amended and supplemental petition, American filed peremptory exceptions of prescription, res ju-dicata, no cause of action and no right of action. The district court granted the exceptions of no right of action and the exception of res judicata, but denied all the other exceptions.[2] The judgment of the district court was certified as final and Ms. Albe timely filed the instant appeal.
The sole assignment of error raised by Ms. Albe on appeal is whether the specification within a contract between American and the City that requires |sAmerican to comply with the FDCPA constitute a stipulation pour autrui of which the citizens of New Orleans are beneficiaries. The crux of Ms. Albe’s argument is that FDCPA is a consumer protection statute with a purpose of shielding debtors or alleged debtors from abusive collection actions, and therefore, its inclusion in the contract at issue evidences that American and the City meant to stipulate for the benefit of the citizens of New Orleans, who are the targets of the debt collection activities. The inclusion of the statute within the contract acts as a stipulation pour autrui, argues Ms. Albe, because American would not have been bound by the requirements of the FDCPA, but for this contractual requirement as American is not a debt collection company.
Ms. Albe further argues that American sent out delinquency notices in furtherance of enforcing the fines of the red light camera ordinance. Some violation notices threatened jail time, adverse credit reporting, and immobilization of the cited vehicle. Ms. Albe argues that Robert Mendoza, an employee of the City, testified that it was never the intent of the City to arrest anyone for failure to pay the fines, and that the City never reported or intended to report any alleged violator to a credit bureau for the failure of the vehicle owner to pay the civil penalty under the ATES ordinance. Employees of both the City and American testified that it was never the intent of the City or American to follow through with such warnings, and that there was no mechanism for following through with arresting anyone under the ordinance. Ms. Albe argues the actions taken by American are a violation of the FDCPA, which is why the City contracted to protect citizens from this type of abusive treatment.
14An appellate court reviews the granting of exceptions of no right of action under a de novo standard of review because these exceptions involve questions of law. Recovery Dev. Group, LLC, Next Generation Homes, LLC v. Nat’l Baptist Convention of Am., Inc., 10-1086, p. 10 (La.App. 4 Cir. 4/20/11), 63 So.3d 1127, 1132, reh’g denied (5/25/11), writ denied sub nom., Recovery Dev. Group, LLC v. Nat’l Baptist Convention of Am., Inc., 11-1347 (La.9/30/11), 71 So.3d 293. The exception of no right of action determines whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. It asks whether the particular plaintiff has a real and actual interest in the subject mat *587 ter of the litigation. Louisiana Paddle-wheels v. Louisiana Riverboat Gaming Comm’n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888, (citing Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972)). The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular ease is a member of the class that has a legal interest in the subject matter of the litigation. Reese v. State Department of Public Safety and Corrections, 03-1615, pp. 2-3 (La.2/20/04), 866 So.2d 244, 246.
The Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person called a third-party beneficiary. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third party is referred to as a stipulation pour autrui. Paul v. Louisiana State Employees’ Group Benefit Program, 99-0897, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 140. Each case must be decided on a case-by-ease basis, and “[e]ach contract must be evaluated on | fits own terms and conditions in order to determine if the contract stipulates a benefit for a third person.” Dugas v. Thompson, 11-0178, p. 11 (La.App. 4 Cir. 6/29/11), 71 So.3d 1059, 1066, reh’g denied (8/12/11) (citing Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary, 05-2364, pp. 8-9 (La.10/15/06), 939 So.2d 1206,1212).
The Civil Code does not provide an “analytic framework for determining whether a third party beneficiary contract exists” in a particular case. Joseph, 05-2364, p. 8, 939 So.2d at 1211. The Louisiana Supreme Court, however, has held that there are three (3) criteria for determining whether contracting parties have provided a benefit for a third party and requires a review of whether: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. Id., 05-2364, pp. 8-9, 939 So.2d at 1212. In applying these criteria, we ultimately rely on the words of Article 1978 that the contract must “stipulate a benefit for a third person.” Id.
The first criteria for determining whether contracting parties have provided a benefit for a third party is whether the stipulation is manifestly clear. Our Supreme Court has explained that “[t]he most basic requirement of a stipulation pour autrui is that the contract manifests a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof.” Id., 05-2364, p. 9, 939 So.2d at 1212 [citations omitted]. Furthermore, a stipulation pour autrui is never presumed and the party | (¡claiming the benefit bears the burden of proof. Id. [citations omitted]; See La. C.C. art. 1831.[3]
The second factor to be considered—that there is certainty as to the benefit provided to the third party—is based on the principle that in order to create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary.
*588 Id. (citing Berry v. Berry, 371 So.2d 1346, 1347 (La.App. 1 Cir.), writ denied, 373 So.2d 511 (1979)).
Lastly, the third requirement is that the benefit cannot be a mere incident of the contract. With regard to this factor, the onus is the district court to distinguish a situation where an advantage has actually been stipulated on behalf of a third party from a situation where the advantage relied upon is merely an incident of the contract between the parties. See Id., 05-2364, pp. 9-10, 939 So.2d at 1212-1213 (citing Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul. L.Rev. 18, 28 (1936)). “Not every promise, performance of which may be advantageous to a third person, will create in him an actionable right.” Id.
The wording of the contract at issue is controlling in order to determine, pursuant to the holdings of the Supreme Court in Joseph, whether Ms. Albe has a right of action based upon the contract between American and the City. The pertinent section of the contract is Section 2, entitled Citation and Collection System, Part B, (2), which provides:
(2) Delinquency Collections:
(a) A citation is in default when the identified responsible party had not entered a valid plea (guilty or |7not guilty) by the due date. A citation is delinquent when the identified responsible party had not paid an assessed fine and costs within 90 days after an adjudication or guilty pleas.
(b) The contractor will maintain and operate a collection system for delinquent and defaulted citations. The system will use escalating demands for overdue or unpaid citations and invoices. It will comply with the Fair Debt Collection Practices, latest revision.
The first factor of Joseph, as previously stated, requires that the stipulation for a third party is manifestly clear. However, the aforementioned wording of the contract does not make a stipulation for the benefit of a third party manifestly clear. Rather, the reference to the FDCPA seems to be a restriction on the manner in which American operates its debt collection system. We note that the FDCPA was enacted to protect consumers. Nevertheless, considering the starkness of the contractual reference to the FDCPA, we cannot impute the purpose of the act and its inclusion in the contract as manifesting a clear intent of the contracting parties to create a stipulation pour autrui. The contract does not expressly provide for the third party benefit for those persons such as Ms. Albe, who received citations pursuant to the ATES ordinance.
Considering the second factor of Joseph, as to whether it would be certain that there would be a benefit provided to Ms. Albe as a person who received a citation pursuant to the ATES ordinance, we find that there was a benefit provided to her. As a person who received a citation, she was supposed to be protected from the unethical collection practices of American pursuant to the contractual provision at issue. Testimony of the employees of the City reveals that Ms. Albe and others were not protected from unfair collection practices as these methods were rampantly employed in pursuit of collecting fines for the alleged red light camera infractions.
| ^Lastly, as noted above, the third prong of Joseph is that the benefit is not a mere incident of the contract between the prom-isor and the promisee. Thus, we examine whether the advantage of being protected by the FDCPA for Ms. Albe is an advantage that has been stipulated to, or whether it is merely an incident of the contractual provision at issue. We established *589 through our examination of the prior two factors that Ms. Albe is protected by the FDCPA provision of the contract at issue although the contract itself does not manifest a clear stipulation in her favor. This indicates that the benefit she receives is a mere incident of the contract between the City and American.
Moreover, with regard to municipal contracts, our Supreme Court has held that while citizens always benefit from such contracts, it does not follow that a stipulation pour autrui exists in their favor. The Court reasoned:
[t]he point that the stipulations in the contracts of a municipality advantageous to the citizens of the municipality do not constitute stipulations pour autrui has heretofore been authoritatively decided.
Long v. City of Shreveport, 151 La. 423, 428, 91 So. 825, 827 (La.1921) (citing Allen Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, 68 L.R.A. 650, 104 Am.St.Rep. 525, 2 Am.Ann.Cas. 471; Black v. N.O. Ry. Co., 145 La. 180, 82 South. 81 (1919)). In a prior decision of the Supreme Court in Allen Mfg. Co., the Supreme Court held:
[A] municipal corporation is nothing more than a fictitious being created for the purpose of administering the affairs of the public, and necessarily all its contracts are for ‘the public benefit’; but it does not follow that they are all stipulations pour autrui in favor of the inhabitants individually, and that the latter may bring suit thereon.
Allen v. Currey Mfg. Co., 37 So. at 986. In light of the holdings of the Supreme Court and of the contractual provision at issue, we find that Ms. Albe has not made |9a showing that the benefit provided to her is anything more than incidental; thus, the three-prong test of the Supreme Court in Joseph was not met in the instant case. Furthermore, we recognize that the purpose of the FDCPA, as set forth in 15 U.S.C.A. § 1692(e), is to “eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.” However, we decline to impute the purpose of the statute as being identical to the purpose for the City requiring American to comply with the FDCPA, where such a purpose is not specifically provided. Therefore, under our de novo review, the district court did not err in granting the exception of no right of action of American.
DECREE
For the foregoing reasons, the judgment of the district court granting the exception of no right of action of American Traffic Solutions, Inc., is affirmed.
AFFIRMED
BONIN, J., concurs in the result.

. In February 2007, the City amended Chapter 154 of the City Code to create the Automated Traffic Enforcement System ordinance.

. Ms. Albe did not appeal the judgment of the district court granting the exception of res judicata of American; thus, this judgment has become final.

. La. C.C. art. 1831, Party must prove obligation:
A party who demands performance of an obligation must prove the existence of the obligation.
A party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction.